# PROVIDENCE COUNTY.

—— ♦ ——

## ALFRED POND *et al. vs.* JOHN ALLEN *et als.*

A testatrix, by the third item of her will, gave all her estate to her husband for life; by the fourth, she directed that "the following bequests" be paid one year after the death of the husband.

*Held,* that the bequests were present gifts and vested, notwithstanding the postponement of payment.

The residuary devisees were, by the will, entitled only to the surplus after payment of the specific legacies.

*Held,* that the legacies were a charge on the realty of the estate.

*Held,* further, that the legatees, in the absence of *laches,* were entitled to the rents of the realty, if needed to pay their legacies.

*Held,* further, that the death of a legatee did not discharge the realty.

A court of equity may sequester the rents of realty charged with the payment of debts or legacies, if the rents are needed to prevent a deficiency.

*Draper* v. *Barnes,* 12 R. I. 156, *Allen* v. *Allen,* 12 R. I. 301, explained.

By the eleventh item of her will, the testatrix gave certain realty to a devisee and his heirs.

*Held,* that the devisee took a fee in remainder, and was entitled to the rents from the husband's death.

By the eighteenth item of her will the testatrix requested the Court of Probate, after the death of her husband, who was named as executor, to appoint some suitable person to make "a final settlement" of the estate.

*Held,* that the final "settlement," to be made by the person so appointed administrator, related only to bequests of personal property.

A bequest given by the codicil, in place of one given by the will, stands on the same footing in regard to payment as the bequests of the will.

A clause in the codicil to the will enumerated certain legacies in the will, changed some of them, affirmed others, and proceeded: "I also give and bequeath to S."

*Held,* from the general tenor of the will, that this gift to S. made S. a legatee under the will, just as were the other legatees named in this clause of the codicil.

BILL IN EQUITY for the administration of a testate estate.

Elmira Helme, the testatrix, gave, by her will, a life estate to her husband in her entire property. Her will, after this life estate, contained devises and bequests which exhausted the property and left a large deficit. She died August 17, 1876. Her husband, James Helme, died December 22, 1883.

The bill in this case prayed that the personal estate, the rents and profits of the realty after the death of James Helme, and the proceeds of a sale of the realty, which was asked for, might be applied to the purposes of the will; that a receiver meanwhile might be appointed of the realty, and that an account might be taken of the property.

The case was brought before the court upon bill and answers, to obtain an interpretation of the will and a decision of some questions preliminary to administration.

The will is as follows : —

" Know all men by these presents that I Elmira Helme wife of James Helme of Smithfield county of Providence and State of Rhode Island, &c.,

" In view of the uncertainty of life and the certainty of death at such time as an all-wise Providence shall ordain do hereby declare and subscribe the following as my last will and testament in manner following that is to say

" Item 1. It is my will that all my just debts and funeral expenses be paid out of my estate as soon as may be after the probate of my will by my executor hereinafter named.

" Item 2. I give and bequeath to Angie Allen and Louise Metcalf wife of Hollis Metcalf all my wearing apparel that I may die seized and possessed of to be equally divided between them to them their heirs and assigns forever.

" Item 3. I give and bequeath to my beloved husband James Helme of Smithfield county and State aforesaid all the rest and residue of my estate both real and personal and mixed that I may die seized and possessed of or be entitled to at the time of my decease to have and to hold the same during his natural life and no longer and, further my intention and will is that my said husband shall have the custody care oversight use and management of all my estate both real and personal and mixed that I may be entitled to at the time of my decease and shall manage the same as he may deem best for his interest and the interest of said estate during his natural life and shall have full power to collect and receive for his own use, all rents, dividends and interest growing out or accruing from the same he paying all taxes legally assessed upon said estate during his natural life or during the term he may hold and manage the same.

" Item 4. Now then after the death of my said husband James Helme, I do hereby make the following bequests to the following named persons to them and to their heirs and assigns forever to be paid to each of them one year. after the death of my said husband, James Helme viz.

" Item 5. I give and bequeath to Leonard Hazelton son of

Lucinda Hazelton of West Medway in the State of Massachusetts two thousand dollars to him his heirs and assigns forever.

" Item 6. I give and bequeath to Mrs. Laura Pond of West Medway Mass. one thousand dollars to her her heirs and assigns forever.

" Item 7. I give and bequeath to Mrs. Phidelia Partridge of West Medway Mass. one thousand dollars to her her heirs and assigns forever.

" Item 8. I give and bequeath to Mrs. Abigail Eaton of Providence in the State of Rhode Island four thousand dollars to her, her heirs and assigns forever. The three last named persons are the daughters of Ellery Allen of West Medway in the State of Massachusetts.

" Item 9. I give and bequeath to Miss Angie Allen daughter of the late Samuel Allen of Holliston Mass. one thousand dollars to her her heirs and assigns forever.

" Item 10. I give and bequeath to Louise Metcalf wife of Hollis Metcalf of Bellingham Mass. four thousand dollars to her her heirs and assigns forever.

" Item 11. I give and bequeath to Francis Metcalf of Bellingham State of Mass. my lot of land with a dwelling-house and other buildings thereon situate in the town of Blackstone in the State of Massachusetts to him his heirs and assigns forever.

" Item 12. I give and bequeath to Francis Hiram Metcalf Maria Alice Metcalf Lydia Abigail Metcalf and Eddy Bates Metcalf children of Francis Metcalf of Bellingham Mass. two thousand dollars to each of them their heirs and assigns forever.

" Item 13. I give and bequeath to Jonathan P. Helme of Providence R. I. brother of my husband James Helme one thousand dollars to him his heirs and assigns forever.

" Item 14. I give and bequeath to Annie Helme daughter of Jonathan P. Helme one thousand dollars to her, her heirs and assigns forever.

" Item 15. I give and bequeath to James H. Rickard, George S. Rickard, Sarah H. Rickard and Lizzie Rickard sons and daughters of George Rickard all of Woonsocket R. I. two thousand dollars to each of them their heirs and assigns forever.

" Item 16. I give and bequeath to Mary Helme Hittie Helme and Powell Helme children of Adam Helme of South

Kingston R. I. one thousand dollars to each of them their heirs and assigns forever.

"Item 17. And it is further my will that all the rest and residue of my estate both real personal and mixed that may be left at the death of my said husband James Helme and after the payment of all the foregoing bequests and the expenses of the final settlement of my estate shall go to and I do hereby give and bequeath the same to John Allen and Asa Allen sons of Ellery Allen of West Medway Mass. and the two daughters of Leonard Hazelton of said West Medway Mass. to be equally divided between them to have and to hold the same to them and their heirs and assigns forever.

"Item 18. I direct the foregoing bequests to be paid and delivered to the aforenamed devisees one year after the death of my said husband James Helme except the bequest of my wearing apparel and that I direct to be delivered to said devisees as soon as may be after the probate of my will and after the death of my said husband I desire the Court of Probate of the town of Woonsocket to appoint some suitable person to make a final settlement of my estate according to the tenor of this my last will and testament.

" Lastly I hereby nominate and appoint my said husband James Helme sole executor of this my last will and testament and do hereby revoke all other and former wills by me made and published and establish this and this only as and for my last will and testament.

" In testimony whereof I have hereunto set my hand at Woonsocket this eleventh day of March in the year of our Lord one thousand eight hundred and seventy. ELMIRA HELME.

"Signed published and declared by Elmira Helme as and for her last will and testament in our presence who have at her request in her presence and in presence of each other hereunto set our names as witnesses.

"SPENCER MOWRY,
"REUEL P. SMITH,
"GEORGE S. READ."

### CODICIL.

" I Elmira Helme wife of James Helme of Woonsocket county of Providence and State of Rhode Island, &c., do this 10th day of July, A. D. 1874, make and publish this codicil to my last will and testament in manner following, that is to say: —

" That whereas by my last will and testament dated March the eleventh, A. D. 1870, in Item 5 I gave and bequeathed to Leonard Hazelton son of Lucinda Hazelton of West Medway in the State of Mass. two thousand dollars I now give and bequeath to said Leonard Hazelton the sum of four thousand dollars instead of the sum of two thousand dollars.

" I also give and bequeath to said Lucinda Hazelton mother of said Leonard Hazelton two thousand dollars to her and to her heirs and assigns forever.

" And whereas by my said last will and testament Item 12 I gave and bequeathed to Francis Hiram Metcalf Maria Alice Metcalf Lydia Abigail Metcalf and Eddie Bates Metcalf children of Francis Metcalf of Bellingham Mass. two thousand dollars for each of them their heirs and assigns forever I now give and bequeath to said Francis Hiram Metcalf ·Maria Alice Metcalf Lydia Abigail Metcalf and Eddie Bates Metcalf the sum of eight thousand dollars to each of them instead of the sum of two thousand dollars to each of them.

" And whereas by Item 13 in my last will I gave and bequeathed to Jonathan P. Helme of Providence R. I. brother of my husband James Helme one thousand dollars I now give and bequeath to said Jonathan P. Helme three thousand dollars instead of the sum of one thousand dollars to him and his heirs and assigns forever.

" And whereas by Item 14 in my last will and testament I gave and bequeathed to Anna Helme daughter of Jonathan P. Helme the sum of one thousand dollars I now give and bequeath to said Anna Helme now Anna Smith having since been married to Leonard Smith of Philadelphia the sum of four thousand dollars instead of the sum of one thousand dollars.

" And whereas by Item 15 in my last will I gave and bequeathed to James H. Rickard George S. Rickard Sarah H.

Rickard and Lizzie Rickard sons and daughters of George Rickard all of Woonsocket R. I. the sum of two thousand dollars to each of them their heirs and assigns forever I now give and bequeath to said James H. Rickard and George S. Rickard seven thousand dollars to each of them instead of the sum of two thousand dollars to each of them and the bequest of two thousand dollars to each of Sarah H. Rickard and Lizzie Rickard I desire to remain as it now is viz. two thousand dollars to each of them and I also give and bequeath to Sarah H. Rickard, wife of the said George Rickard the sum of three thousand dollars to her, her heirs and assigns forever.

" And whereas by Item 17 in my will the rest and residue of my estate both real and personal and mixed that may be left at the death of my said husband James Helme and after the payment of all the foregoing bequests and the expenses of the final settlement of my estate I gave and bequeathed to John Allen and Asa Allen sons of Ellery Allen of West Medway Mass. and the two daughters of Leonard Hazelton of said West Medway Mass. I now hereby revoke the bequests to John Allen and Asa Allen sons of Ellery Allen and the two daughters of Leonard Hazelton named in Item 17 in my last will and testament and I now give and bequeath all the rest and residue of my estate both real and personal and mixed that may be left at the death of my said husband James Helme and after the payment of all the aforegoing bequests contained in my last will and testament not revoked or changed and all the bequests contained in this codicil in full and the payment of all the expenses of the final settlement of my estate to John Allen and Asa Allen sons of Ellery Allen of West Medway Mass. James H. Rickard and George S. Rickard of Woonsocket R. I. to be equally divided between the said John Allen, Asa Allen, James H. Rickard and George S. Rickard.

" And I hereby order this my codicil to be annexed to and made a part of my last will and testament to all intents and purposes. And I hereby ratify and confirm my aforesaid will in all respects except so far as changed or altered by this codicil.

" In testimony whereof I have hereunto set my hand at Woonsocket this tenth day of July in the year of our Lord one thousand eight hundred and seventy four, A. D. 1874.

                 " ELMIRA HELME.

" Signed, published and declared by Elmira Helme as and for her codicil to her last will and testament in our presence who have at her request in her presence and in the presence of each other hereunto set our names as witnesses.

                " SPENCER MOWRY,
                " REUEL P. SMITH,
                " GEORGE S. READ."

*November* 9, 1885. DURFEE, C. J. The decision of the court on the questions submitted is as follows, to wit: —

*First.* The devise of the Blackstone estate to Francis Metcalf is an out-and-out devise to him of the fee in remainder, and entitled him to the rents thereof immediately after the death of James Helme, the life tenant. The direction in Item 18 is in our opinion a direction to the administrator to be appointed " to make a final settlement of the estate," and as such relates only to the pecuniary bequests and bequests of personalty.

*Second.* It is competent for a court of chancery to sequester the rents of real estate which is charged by will with the payment of debts or legacies, if there will be a deficiency without them. The cases of *Draper* v. *Barnes*, 12 R. I. 156, and *Allen* v. *Allen*, 12 R. I. 301, are cases relating to the statutory charge for the payment of debts, and not, as here, to a testamentary charge for the payment of legacies or debts and legacies. The statute provides in effect that the statutory charge shall not extend to rents accruing before sale. Pub. Stat. R. I. cap. 185, § 5, cap. 187, § 10.[1] Under the will here the residuary devisees are entitled to

---

[1] As follows :—

Cap. 185:

" SECT. 5. If any testator or intestate shall die after the first day of March, all the emblements of his lands that shall be severed before the thirty-first day of December next following, shall be included in the inventory and be assets in the hands of his executor or administrator; but all such emblements growing on the lands on the day last mentioned, or at the time of the death of the testator or intestate, if that event happen after the thirty-first day of December and before the first day of March, shall not be so included, but shall pass with the land to the heir, devisee, or tenant in reversion or remainder."

nothing except what is left after the specific legacies are paid, and therefore the specific legatees are as much entitled to the rents or income of the residuary real estate as to the real estate itself, if the rents are needed for the payment of the legacies and the legatees duly assert their title to them. *Grantham* v. *Lucas*, 15 W. Va. 425; *Schomberg* v. *Humfrey*, 1 Dr. & War. 411; *Chalk* v. *Raine*, 13 Jur. 981; *Bloodgood* v. *Clark*, 4 Paige, 594; *Bank of Ogdensburg* v. *Arnold*, 5 Paige, 38; 2 Story Eq. Juris. §§ 1244, 1246.

*Third.* The several pecuniary legacies are present gifts to the legatees named, though they are not to be paid until one year after the death of James Helme, who is to have the income of the estate during his life. The payment of the legacies is postponed during the life of James Helme for his benefit, in order that he may have the income, and for one year longer for the settlement of the estate. Such a postponement does not prevent the vesting of the legacies. It follows that the personal representatives of the legatees who died after the testatrix are entitled in their places. *Rogers* v. *Rogers*, 11 R. I. 38, 73–76; *Packham* v. *Gregory*, 4 Hare, 396; *Doe, Lessee of Poor*, v. *Considine*, 6 Wall. 458; *Herbert's Executors* v. *Post*, 26 N. J. Eq. 278; *Post* v. *Herbert's Executors*, 27 N. J. Eq. 540; *Loder* v. *Hatfield*, 71 N. Y. 92. *Eldridge, Adm'r*, v. *Eldridge, Ex'r*, 9 Cush. 519. Nor is the real estate exonerated. The doctrine of the English cases cited,[1] that, where a legacy payable *in futuro* is charged upon real estate, the real estate is relieved

---

Cap. 187:

" SECT. 10. No person entitled to a share in the estate of any deceased person shall have a right to demand the same within three years after administration or letters testamentary granted on such estate, unless he shall give bond to the administrator or executor, with sufficient surety, to be approved by the Court of Probate, to refund the proportionate share of the estate, in case any debt or debts should afterwards appear against the same, and the executor or administrator should not have a sufficiency of the estate in his hands, undivided, for the payment thereof : *provided,* that the heirs at law or devisees may, during said term, take the rents and profits of the real estate as heretofore."

[1] *Poulet* v. *Poulet*, 1 Vern. 204, also 2 Ventr. 366 ; *Gawler* v. *Standerwick*, 2 Cox, 15 ; *Smith* v. *Smith*, 2 Vern. 92 ; *Jennings* v. *Looks*, 2 P. Wms. 276 ; *Duke of Chandos* v. *Talbot*, 2 P. Wms. 601, 610 ; *Prowse* v. *Abington*, 1 Atk. 482, 485 ; *Parker* v. *Hodgson*, 1 Drew. & Sm. 568.

if the legatee dies before the time of payment arrives, even though the legacy may be vested and hold as against the personal assets, is not a very satisfactory doctrine. It rests rather upon the English prejudice in favor of the heir or of the devisee, who is, it is said, *factus hæres*, than upon any sound principle, and we are not aware that it has the approval of any American decision. But, however that may be, the doctrine, according to the modern statement of it, applies only where the payment is postponed for reasons personal to the legatee, as, for instance, where the legacy is to a minor to be paid when he reaches his majority, and does not apply where, as in the case at bar, the postponement is for the benefit of some person other than the legatee, who is meanwhile entitled to the use or income of the estate which is charged, or where it is merely for the convenience of the estate in settlement. 2 Jarman on Wills, 5th Am. ed. by Rand & Talcott, 450 and note; *Evans* v. *Scott,* 1 H. L. 43, 57; *Birdsall, Adm'x,* v. *Hewlett,* 1 Paige, 32; *Harris* v. *Fly,* 7 Paige, 421.

*Fourth.* The children of the legatee who died before the testatrix are entitled to take in her place under the statute. Pub. Stat. R. I. cap. 182, § 14;[1] *Moore* v. *Dimond,* 5 R. I. 121.

*Fifth.* The bequest by codicil of $4,000 to Leonard Hazelton, instead of the $2,000 bequeathed by will, takes the place of the latter bequest in the will, and should abate and be paid on the same footing with the other legacies. Roper on Legacies, 873.

*Sixth.* The bequest by codicil of $3,000 to Sarah H. Rickard, wife of George Rickard, is to be treated as if it were originally in the will. The bequest is contained in a clause which alters the will, in respect of bequests of $2,000 each to James H. Rickard and George S. Rickard, by substituting bequests of $7,000 to each of them, and which confirms the will in respect of bequests of $2,000 each to Sarah Rickard and Lizzie Rickard. The bequest to Sarah H. Rickard, wife of George, immediately follows the confirmation

---

[1] As follows : —

" Sect. 14. Whenever any child, grandchild, or other person having a devise or bequest of real or personal estate shall die before the testator, leaving a lineal descendant, such descendant shall take the estate, real or personal, as devisee or legatee, in the same way and manner as such devisee or legatee would have done in case he had survived the testator."

in the words, " and I *also* give and bequeath to Sarah H. Rickard, wife of the said George Rickard, the sum of $3,000 to her, her heirs and assigns, forever." Of course the bequest, being a part of the clause, must be interpreted as such, and, so interpreted, it seems to us that the intention was to put Sarah H. Rickard, wife of George, together with the other legatees there named, and to make her, together with them, in legal effect, a legatee under the will. This construction, though not free from doubt, is the construction which best accords with the general design of the will to keep the property intact for the use of James Helme, the husband of the testatrix, during his life. Moreover, considering how careful the testatrix was to fix the time for the payment of the legacies given by the will, it is reasonable to suppose that she would have named a time for the payment of this bequest, if she had not intended it to be paid as if a bequest under the will. The legacy to Lucinda Hazelton is of the same character, and must be construed in the same way.

*James Tillinghast,* for complainants and some of the respondents.

*Thomas C. Greene,* for the administrator with will annexed.

*Colwell & Barney,* for other respondents.