EMMA PINGREY, Appellant, *vs.* FLORENCE RULON *et al.* Appellees.

*Opinion filed June 29, 1910—Rehearing denied October 12, 1910.*

1. WILLS—*contingent and vested remainders defined.* A contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, while a vested remainder is a present interest which passes to a party to be enjoyed in the future, so that the estate is immediately fixed in a determinate person after the particular estate terminates. ·

2. SAME—*what does not render a remainder a contingent one.* A remainder to the four named living grandchildren of the testator, who are to take equal shares in fee after the death of the survivor of the testator's two daughters, who are given a life estate as tenants in common, is not rendered contingent by a provision that any grandchildren subsequently born should share equally with the grandchildren named, but the remainder in such case vests in the grandchildren living at the testator's death, subject to being opened to let in grandchildren subsequently born.

3. SAME—*when lots owned by testator pass by will though not included in particular description.* Where a will devises to the testator's two daughters "all of my real estate, the same being situated in McLean county and described as follows," following which is a description of certain farm property but no mention of certain town lots in such county which the testator owned and which were not otherwise disposed of by the will, the words "all of my real estate" will be held to include such lots, without regard to the particular description.

4. PRACTICE—*right to dismiss a bill without prejudice may be waived.* While a complainant, as a general rule, has a right to dismiss his bill without prejudice at any time before a decree is entered provided there is no cross-bill filed, yet such right may be waived by filing an amended bill and further invoking the aid of the court after a motion for leave to dismiss the bill without prejudice has been denied.

5. SAME—*when court may grant relief on cross-bill after dismissing bill.* Where minor defendants are brought into court by an original and amended bill relying upon certain deeds as showing title in the complainant, it is not error for the court, after dismissing the original and amended bills for want of equity, to grant affirmative relief on the cross-bill of such minor defendants by canceling the deeds relied upon by complainant as clouds upon the title of the cross-complainants.

6. SAME—*when a bill for partition cannot be retained to construe will.* The court may entertain a bill for partition requiring the construction of a will even though no trust is involved; but if the court finds that complainant has only a life estate under the will and that the fee is in the defendants, the bill cannot be retained for the purpose of construing the will to determine the effect of certain provisions prohibiting the complainant from selling, assigning or encumbering the life estate.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

William Wikoff died testate in McLean county on September 5, 1908, seized of 415 acres of farm lands and four lots in Chenoa and possessed of certain personal property. He left him surviving Emma Pingrey and Florence Rulon, his daughters and sole heirs-at-law. His will, omitting the formal parts, is as follows:

"*First*—It is my will that my funeral expenses and all my just debts be fully paid.

"*Second*—I give and bequeath and devise to my two daughters, Mrs. Emma Pingrey and Mrs. Florence Rulon, all of my real estate, the same being situated in McLean county, Illinois, and described as follows, to-wit: The north-east quarter of section five (5), containing 335 acres, more or less, and the north half (½) of lot three (3), in the north-west quarter of section five (5), containing 80 acres, more or less, all in town 25, range 5, east of the third principal meridian, each an undivided one-half (½) of the whole, legally termed a 'life estate,' to have and to hold said lands, tenements, with the full and free use of all rentals, uses and profits issuing therefrom or pertaining thereto, for and during the term of both of their natural lives. Upon the decease of either of my said beloved daughters, then I direct that the undivided half devised to such deceased daughter for her lifetime, as aforesaid, at once vests in the surviving one of them, to hold for and during the term of the said survivor's natural life in,

trust for the children of such deceased child, the rentals, proceeds and profits of my deceased child's share to be paid annually, or in lesser periods, if necessary, to the said child or children of my such deceased child, share and share alike, for and during the term of the natural life of such trustee, my surviving daughter, as aforesaid. Should any of my then deceased daughter's children—my grandchildren—come to his or her decease without issue during the lifetime of my then surviving daughter, trustee herein, then the share of such deceased child or children shall be apportioned among the then surviving children of such deceased daughter in equal parts, share and share alike, but should such deceased child or children of my deceased daughter leave issue, then such parent's share shall be paid to such issue, share and share alike. My said daughters, devisees above named, nor either of them, shall not at any time sell, transfer or convey or in any manner encumber their said life estate. Upon the decease of my last surviving daughter I then direct that all of my above described realty shall descend to and vest in my four grandchildren, Roy E. Pingrey, Clayton W. Rulon, Lottie E. Rulon and Willet H. Rulon, in equal parts, each of my above named grandchildren to take an undivided one-fourth interest in the whole in fee simple: *Provided, however,* that should any one or more of my above named grandchildren come to his or her decease without issue before taking in fee simple, that then the share or shares of such deceased grandchild or grandchildren shall be apportioned in equal parts among those of my grandchildren surviving: *But provided, also,* that if at the time of such decease my said grandchildren left issue, that then such grandchild's share shall go to his or her issue, share and share alike, in fee simple: *And provided always,* that no one of my said grandchildren, devisees herein, is to come in possession, or, in other words, inherit in fee simple, until July 22, 1925, being the date upon which my youngest grandchild, Willet H. Rulon, be-

comes twenty-five years of age; and in no event do my
said grandchildren, or any of them, take in fee simple until
the decease of both of my daughters, Mrs. Emma Pingrey
and Mrs. Florence Rulon. Should there be any interim be-
tween the decease of the survivor of my two daughters,
Mrs. Emma Pingrey and Mrs. Florence Rulon, devisees
above named, and July 22, 1925, the date of my said grand-
children taking in fee simple, then I desire the probate
court of this county wherein said lands are situated to ap-
point a trustee to hold, manage and control all of my above
described real estate in trust for the use and benefit of my
four grandchildren above named, each one to receive an-
nually, or in lesser periods, if necessary, from such trustee,
his or her one-fourth part or share of the rental, proceeds
and profits thereof until July 22, 1925: *And provided fur-
ther,* should either of my daughters, devisees herein, be-
come possessed of further issue, then such additional child
or children of either of my said daughters shall take and
inherit in annuities or in fee simple, upon the same terms,
provisions and conditions of this will as the other chil-
dren—my grandchildren—above named, to the end that all
may be upon equality. But said unborn grandchildren are
to take in fee simple on or before July 22, 1925, without
regard to their age: *And also provided further,* and as
being in harmony with the former provisions of this will,
should any one of my said grandchildren come to his or
her decease without issue before taking in fee simple, then
the share or shares of such deceased grandchild or grand-
children shall descend to and be divided in equal parts
among my surviving grandchildren in fee simple, but
should such grandchild or grandchildren come to his or
her decease leaving issue, then the share of such deceased
grandchild or grandchildren shall be inherited by his or
her issue in fee simple, in equal parts, or share and share
alike. I devise my personal property to my two daughters,
Mrs. Emma Pingrey and Mrs. Florence Rulon, share and

share alike, or in equal parts, the division thereof to be mutually made by them.

"*Lastly*—I hereby nominate and appoint my two beloved daughters, Mrs. Emma Pingrey and Mrs. Florence Rulon, without bond, to be the executrix of this my last will and testament, without bond, hereby revoking all former wills by me made."

At the time of the death of William Wikoff, Emma Pingrey had one child, Roy E. Pingrey, and Florence Rulon had three children, Clayton W. Rulon, Lottie E. Rulon and Willet H. Rulon, all of whom were living at the time the decree was entered in this case, the three Rulon children being minors. The will of William Wikoff was admitted to probate, and Emma Pingrey and Florence Rulon, the executrices named therein, qualified as such.

On March 10, 1909, Emma Pingrey and husband conveyed to her son, Roy E. Pingrey, the undivided one-half interest in the real estate of which William Wikoff died seized, which conveyance contained the following recitals:

"Whereas, William Wikoff, of Chenoa, county of McLean and State of Illinois, heretofore died possessed of, entitled to and the owner in fee simple of the premises hereinafter more particularly described; and whereas, the said William Wikoff died testate, leaving a last will and testament, devising a life estate to Emma Pingrey and Florence Rulon and gifts over to grandchildren or their issue and unborn grandchildren on the happening of certain events; and whereas, Emma Pingrey, the grantor herein, is entitled to and now is in possession of a life estate in the said premises hereinafter more particularly described, under and by virtue of the said last will and testament of the said William Wikoff; and whereas, under any proper construction of the said devising clauses of the said will of the said William Wikoff the said Emma Pingrey was and is entitled by descent, as upon a partial intestacy of the testator, to a legal reversion in fee in and to the premises

246—8

hereinafter described, pending the happening of certain events whereby the grandchildren or their issue and unborn grandchildren would take the gifts over by the testator; and whereas, it is the purpose and desire of the said grantor herein to convey to the grantee herein said life estate and said reversion in fee and no other interest whatsoever in and to the said premises hereinafter more particularly described, so that the said life estate shall merge in said reversion in fee and be extinguished and prematurely destroyed and the grantee herein be vested at once with a legal estate in fee simple in possession, and any contingent future interests in the grandchildren, their issue and unborn grandchildren, of the said testator be destroyed and held for naught as to the estate of said testator:

"Now, therefore, I, the said grantor, Emma *Pingery,* of the city of Bloomington, county of McLean and State of Illinois, in consideration of the premises and of the sum of one dollar ($1) in hand paid, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto and to Roy E. Pingrey, county of Cook and State of Illinois, my said life estate as heretofore specified, and the said reversion in fee descending to me as an heir-at-law and daughter of the said William Wikoff from the said William Wikoff, as upon a partial intestacy of the said William Wikoff, pending the happening of the events of the testator's grandchildren, their issue and unborn grandchildren, as heretofore described, taking the gifts over and no other interest whatsoever."

On March 17, 1909, Roy E. Pingrey and wife reconveyed said premises to Emma Pingrey. On March 27, 1909, Emma Pingrey and Roy E. Pingrey filed the original bill in this case for a construction of the will of William Wikoff and for a construction of the deeds from Emma Pingrey and husband to Roy E. Pingrey and from Roy E. Pingrey and wife to Emma Pingrey, and asked the court to hold that by virtue of the will of William Wikoff

and the deed from Emma Pingrey and husband to Roy E.
Pingrey and the deed from Roy E. Pingrey and wife to
Emma Pingrey, Emma Pingrey had become and was seized
in fee of the undivided one-half of the lands of which Wil-
liam Wikoff died seized.  A guardian *ad litem* was ap-
pointed for Clayton W. Rulon, Lottie E. Rulon and Wil-
let H. Rulon, who filed a formal answer submitting the
rights and interests of said minors to the protection of the
court, and Florence Rulon, the only adult defendant, filed
a general demurrer to the bill.  On the argument of the de-
murrer of Florence Rulon it was announced in open court
to the presiding judge, in the presence of counsel for the
complainants, that the minor defendants, if the demurrer
to the bill was sustained, would ask for affirmative relief.
On consideration of the demurrer, after oral argument, the
court announced the demurrer would be sustained, where-
upon the minor defendants entered their motion in writing
(1) that the demurrer be sustained as to them;  (2) that
the bill be dismissed for want of equity; and (3) that with-
out the filing of a cross-bill the court cancel and set aside
as clouds upon their title the deeds from Emma Pingrey
and husband to Roy E. Pingrey and from Roy E. Pingrey
and wife to Emma Pingrey.  Thereupon, and before the
order sustaining the demurrer to the original bill had been
entered, the complainants in the original bill moved to dis-
miss their bill without prejudice, whereupon the court de-
nied the motion of the minor defendants for affirmative
relief but gave them leave to file a cross-bill, and denied
the motion of the complainants for leave to dismiss the
original bill without prejudice.  Thereafter the minor de-
fendants filed a cross-bill and the complainants filed an
amended bill.  The cross-bill prayed the same relief that
the minors had sought to obtain by their motion for af-
firmative relief, and the amended bill sought, in addition
to the relief prayed in the original bill, the partition of the
land of which William Wikoff died seized between Emma

Pingrey and Florence Rulon and her three minor children,—that is, that one-half of said lands in fee be allotted to Emma Pingrey and the other half to Florence Rulon and her three minor children. A demurrer was interposed to the cross-bill by the original complainants and by Florence Rulon to the amended bill. The court overruled the demurrer to the cross-bill and sustained the demurrer to the amended bill, and in the course of the proceedings, Roy E. Pingrey having been dismissed out of the case and Emma Pingrey having stood by her amended bill and by her demurrer to the cross-bill, the court dismissed the original bill and the amended bill for want of equity and granted to the minor defendants the relief prayed for in their cross-bill, namely, that the deeds from Emma Pingrey and husband to Roy E. Pingrey and from Roy E. Pingrey and wife to Emma Pingrey be canceled and set aside as clouds upon the title of the minor defendants in and to the lands of which William Wikoff died seized, and Emma Pingrey has prosecuted an appeal to this court.

D. H. PINGREY, CHARLES L. CAPEN, and SAIN WELTY, for appellant.

DEMANGE, GILLESPIE & DEMANGE, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

It is the contention of the appellant that upon the death of William Wikoff his daughters, Emma Pingrey and Florence Rulon, by virtue of his will took a life estate in his farm property and became seized in fee, by descent, of said farm property, as his only heirs-at-law, pending the happening of the events upon which the fee to said farm property would vest in the living children and unborn children of Emma Pingrey and Florence Rulon by virtue of the terms of the will of William Wikoff, and that in consequence of the execution and delivery of the deed from Emma Pingrey and husband to Roy E. Pingrey and the

deed from Roy E. Pingrey and wife to Emma Pingrey Emma Pingrey became seized in fee of the undivided one-half of the said farm property. In other words, that the conveyance of the life estate and the remainder to Roy E. Pingrey by Emma Pingrey and husband, and the re-conveyance of the entire estate by Roy E. Pingrey and wife to Emma Pingrey, under the doctrine announced in *Bond v. Moore,* 236 Ill. 576, worked a merger of the life estate and the fee in Emma Pingrey, and the interests of Roy E. Pingrey, Clayton W. Rulon, Lottie E. Rulon and Willet H. Rulon in the undivided one-half of said farm property were destroyed and the fee to that portion of the farm property was vested absolutely in Emma Pingrey. The soundness of the position of the appellant depends upon whether the interest in said farm property created in the children of Emma Pingrey and Florence Rulon by the will of William Wikoff is a contingent or vested remainder. If it is a contingent remainder, such interest could be destroyed by the method pursued by Emma Pingrey. If, however, the interest devised to the children of Emma Pingrey and Florence Rulon is a vested remainder, it could not be destroyed by the act of Emma Pingrey.

In construing a will the entire will must be considered. An examination of the will of William Wikoff will disclose that the testator sought to accomplish three objects by his will: (1) That said daughters should enjoy the use of his farm property for life, and in case of the death of one of his daughters, the child or children of that daughter should have the use of his or their mother's share of the farm property during the life of the surviving daughter; (2) that upon the death of both of his daughters his farm property should belong absolutely to his four grandchildren, share and share alike, provided they should not come into the possession thereof until the youngest of said four children should become twenty-five years of age, and in case of the death of either of said grandchildren leaving

a child or children him or her surviving, the share of the deceased grandchild should go to his or her child or children, and in the event such deceased grandchild left no child or children him or her surviving, the share of the deceased grandchild should, in case he or she died before coming into the absolute possession of said farm property, go to the testator's surviving grandchildren; (3) that in case another child or children were born to the testator's daughter Emma Pingrey or his daughter Florence Rulon, such child or children should take the same interest in his farm property as the four living grandchildren took therein, and subject to the same limitations in case of the death of said subsequently born grandchild or grandchildren as the will imposed upon his living grandchildren, except that a subsequently born grandchild or grandchildren might enjoy the absolute possession of his, her or their share in said farm property before the youngest grandchild living at the time the will was made was twenty-five years of age.

A contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, and a vested remainder is a present interest which passes to a party to be enjoyed in the future, so that the estate is immediately fixed in a determinate person after a particular estate terminates. (*Haward* v. *Peavey,* 128 Ill. 430; *Golladay* v. *Knock,* 235 id. 412.) We are unable to discover any uncertainty in the will of William Wikoff as to the person or persons to whom the farm property left by William Wikoff was to go on his death or any uncertainty in the event upon which said farm property was to go to the persons named in the will. The will provides it is to go to Emma Pingrey and Florence Rulon for life, and upon the death of the survivor of them it is to go, share and share alike, to the four grandchildren, namely, Roy E. Pingrey, Clayton W. Rulon, Lottie E. Rulon and Willet H. Rulon. There is, therefore, no uncertainty as to the persons who will take the farm property

or uncertainty upon what event they are to take the property. The persons who are to take the property are expressly named, and the event upon which they are to take the property is the death of the survivor of the two daughters, which necessarily must happen. The utmost that can be said is, that it is uncertain when the four grandchildren will be entitled to the full possession and enjoyment of the property, and an uncertainty in that particular does not make the interests in the farm property devised to the four grandchildren a contingent remainder. The law favors the vesting of estates, and an estate is vested when it is limited to a person in being and is to take effect on the determination of a preceding particular estate. (*Scofield* v. *Olcott,* 120 Ill. 362.) In *Harvard College* v. *Balch,* 171 Ill. 275, on page 280, it was said: "If the person to take a remainder is *in esse* and ascertained, and it is to take effect by words of express limitation on the determination of the preceding particular estate, it will be vested." In *McArthur* v. *Scott,* 113 U. S. 340, Mr. Justice Gray said: "Words directing land to be conveyed to or divided among remainder-men after the termination of a particular estate are always presumed, unless clearly controlled by other provisions of the will, to relate to the beginning of enjoyment by the remainder-men and not to the vesting of the title in them." He illustrated the application of the rule as follows: "For instance, under a devise of an estate, legal or equitable, to the testator's children for life, and to be divided upon or after their death among his grandchildren in fee, the grandchildren living at the death of the testator take a vested remainder at once, subject to open and let in afterborn grandchildren, although the number of grandchildren who will take, and consequently the proportional share of each, cannot, of course, be ascertained until the determination of the particular estate by the death of their parents. * * *. The remainder, being vested according to the legal meaning of the words of gift, is not to be held con-

tingent by virtue of subsequent provisions of the will unless those provisions necessarily require it."

It is our conclusion that Roy E. Pingrey, Clayton W. Rulon, Lottie E. Rulon and Willet H. Rulon took a vested remainder in said farm property under the will of William Wikoff, and that should there be other children born to either Emma Pingrey or Florence Rulon, the title held by the grandchildren living at the testator's death would open up and let in such subsequently born grandchildren; that the title to said farm property vested in said living grandchildren immediately upon the death of William Wikoff and the probate of his will; that this being true, the deeds executed by Emma Pingrey and Roy E. Pingrey did not have the effect to vest the fee title to the undivided one-half of said farm property in Emma Pingrey, and that the only effect of said deeds, as against the minor defendants, was to cloud their title to said farm property.

It is further contended by the appellant that the four lots in Chenoa are intestate property. The will of William Wikoff gave to his daughters for life and to his four living grandchildren in fee, "all of my real estate, the same being situated in McLean county, Illinois," and the will then proceeds, "and described as follows," and the four lots in Chenoa, although in McLean county, are omitted from the particular description which follows the words "all of my real estate," etc. The general rule is thus stated by the Supreme Court of Iowa in *Barney* v. *Miller,* 18 Iowa, 460, on page 466: "Where a deed of conveyance contains a general description of the property conveyed, which is definite and certain in itself and is followed by a particular description also, such particular description will not limit or restrict the grant, which is clear and unambiguous, by the general description." And in *Martin* v. *Smith,* 124 Mass. 111, the demandant claimed under the third clause of the will of Bartholomew Garrity, which gave her "all the real estate I may die possessed of, to her and her heirs

and assigns forever, which property is situate on the north side of North street, in said Lowell." At the time of his death the testator was seized and possessed of two lots, one located on the north side of North street, occupied by buildings, the other a vacant lot on the south side of the street, being the demanded premises. The court held the devise covered both lots. On page 113 of the opinion it was said: "The general rule is undisputed that a gift by words of general description is not to be limited by a subsequent attempt at particular description unless such appears to be the intention of the testator from the whole will. (*Allen* v. *White,* 97 Mass. 504.) This will, in its words of general description, purports to dispose of all the property, real and personal, of the testator. There is nothing to indicate an intention to make only a partial disposition of his estate. We are of opinion that the case falls within the general rule, and that the general description is not limited by the particular misdescription of the estate as being on the north side of the street."

What was said in the *Martin case* can be said with equal propriety in this case. The will of William Wikoff, by general description, purports to devise all the real estate of the testator, and there is nothing in the will indicating an intention to devise only his farm property. The presumption is that the testator intended to dispose of all of his estate by his will. We are of the opinion the case falls within the general rule, and that the general description is not limited by the particular description which follows it; that the lots in Chenoa were included in the general description, and that the testator did not die intestate as to them.

It is next contended by appellant that the court erred in refusing the complainants in the original bill, after the court had announced that it would sustain a demurrer to said bill and before the order sustaining said demurrer had been entered, leave to dismiss their bill without prejudice. The general rule is, that a complainant has the right to

dismiss his bill without prejudice (if a cross-bill has not been filed) at any time until a decree has been entered. The right of complainant to dismiss his bill before a cross-bill has been filed, at any time before final decree, may, however, be waived, and we think in this case it was waived. After the court had denied the complainants leave to dismiss their original bill without prejudice, they did not abide their motion to dismiss but took leave to file an amended bill and immediately filed an amended bill, which prayed for the partition of the premises in controversy in addition to the relief prayed for in the original bill. By filing an amended bill and further invoking the aid of the court we are of the opinion the complainants waived their motion to dismiss their original bill. In order to preserve their rights it was not necessary for the complainants to proceed further after their motion to dismiss their original bill had been denied, and if, instead of amending their bill, they had stood by their motion to dismiss, the court would have been without jurisdiction to proceed further, but as they amended their bill and the trial thereafter proceeded upon the amended bill upon the merits, the error of the court in declining to permit them to dismiss their original bill was waived, and the error of the court in denying complainants' motion to dismiss their original bill cannot be successfully assigned as error in this court upon this record.

It is also insisted by the appellant that the court erred in granting affirmative relief to the minor defendants on their cross-bill, after the original and amended bills had been dismissed, by canceling the Pingrey deeds as clouds upon their title. Complainants brought the minor defendants into court and relied upon said deeds as showing title in Emma Pingrey. The court had jurisdiction of the parties and of the subject matter, and upon dismissing the original and amended bills there was no error in entering a decree upon the cross-bill that disposed of the entire subject matter of the litigation upon the merits.

It is also suggested by the appellees that a court of equity had no jurisdiction to entertain a bill to construe the will of William· Wikoff and the Pingrey deeds at the suit of Emma Pingrey. We think this is true as to the original bill, as a court of equity will not entertain a bill to construe a will unless a trust is involved, (which is not the case here,) or for the purpose of settling legal titles. The amended bill prayed for partition, which was a subject of equity jurisdiction, and the court, in determining whether the complainant in the amended bill was entitled to partition, necessarily had to determine whether or not Emma Pingrey was the owner in fee of an undivided one-half of said farm property, which involved a determination of the legal effect of the will of William Wikoff and the Pingrey deeds. The amended bill did not, however, confer upon the court jurisdiction to determine the effect of the clause in the will prohibiting Emma Pingrey and Florence Rulon from selling, assigning, conveying or encumbering their life estates in the real estate of William Wikoff. As soon as the court held that the minor defendants had a vested remainder in the lands of which William Wikoff died seized, the amended bill of the complainant for partition failed, and the court could not legally retain the original or amended bill for the purpose of determining the effect of the clause of the will upon the life estates of Emma Pingrey and Florence Rulon which prohibited them from selling, assigning or encumbering the same.

We are of the opinion that the trial court, after the amended bill was filed, had jurisdiction to determine the rights of the parties to this litigation, and that the decree dismissing the original and amended bills and canceling the Pingrey deeds as clouds upon the title of the minor defendants was properly entered.

Finding no reversible error in this record the decree of the circuit court will be affirmed.          *Decree affirmed.*