Argued February 11, decided February 18, rehearing denied
March 25, 1913.

## STEVENS v. CARROLL.
## In re STEVENS.

(129 Pac. 1044.)

**Wills—Construction—Interest Created—Vested or Contingent.**

1. A legacy or an interest created by devise should always
be construed as vested rather than contingent.

**Wills—Construction—Vested or Contingent Interest.**

2. Where a testator devised all of his real property to his
wife for life, directing that part of it should be sold at her death,
and out of the proceeds a legacy should be paid to his daughter,
the interest of the daughter in the legacy vested at the death of
the testator, and her death prior to that of the wife did not
cause a lapse of her legacy, which might be enforced in favor
of her heirs.

From Lane:  JOHN S. COKE, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

James A. Stevens died, leaving a will, which contains,
among others, the following provisions:

"I hereby give, devise and bequeath unto my wife,
Emily F. Stevens, all my real estate wheresoever situate
to have, possess and use during the lifetime of said Emily
F. Stevens, and after the death of said Emily F. Stevens,
my said wife, I hereby direct, give and devise unto my
son Lenn L. Stevens the seventy-five-acre tract of land to
become the absolute property of said Lenn L. Stevens
upon the death of my said wife, Emily F. Stevens. * *
I hereby give and bequeath unto my daughter Maggie
Sommerville the sum of two thousand ($2,000.00) dollars
to be paid upon the death of my said wife Emily F.
Stevens and to be paid out of proceeds that may be
derived from my home place consisting of about one
hundred and fifty acres in Lane County, Oregon, where
I am now living.  If my son Welby Stevens so desires
he can pay said two thousand ($2,000.00) dollars out of
his private, individual funds at or before the death of

Sig. 14

my said wife Emily F. Stevens instead of paying said sum out of proceeds to be derived from my home place. * * I give, devise and bequeath unto my son Welby Stevens my home place consisting of about one hundred and fifty acres in Lane County, Oregon, to become and be his property absolutely upon the death of my said wife Emily F. Stevens, and upon payment of said $2,000.00 as above."

Subsequent to the death of the testator, Maggie Sommerville died, and later her husband, M. L. Sommerville, died, both without issue. Emily Stevens, the wife of the testator, still survives. Welby Stevens, the executor of the will, filed his final account, and asked to be discharged. Anna Carroll, administratrix of the estate of M. L. Sommerville, resisted the application for a discharge on the ground that the estate of M. L. Sommerville had a vested interest in the $2,000 bequeathed to Maggie, his wife, in her father's will, which, by the terms of said will, the executor was directed to pay, and that he should be required, for that purpose, to continue in his office until the death of Emily Stevens and the payment of the legacy. From an order of the county court refusing to discharge the executor, he appealed to the circuit court, which sustained the order of the county court; and from this decision the executor appeals to this court.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George B. Dorris.*

For respondent there was a. brief over the names of. *Messrs. Woodcock & Smith* and *Messrs. Potter & Bryson,* with oral arguments by *Mr. Absolom C. Woodcock* and *Mr. Edwin O. Potter.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

It is conceded that if, under the terms of the will, the bequest to Maggie Sommerville became a vested legacy upon the death of her father, the decree of the circuit

court is correct.   If the legacy did not become vested upon the death of the testator, then it has lapsed, and there is no reason why the executor should not be discharged.

1, 2.  We are of the opinion that the legacy became vested upon the death of the testator.   A legacy or interest created by devise should always be construed as vested rather than contingent.   *Winslow* v. *Rutherford,* 59 Or. 124 (114 Pac. 930).   A vested estate is an estate where there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of some intermediate or precedent estate.   See Words and Phrases, title "Vested Estate," and cases there cited.   It seems clear that, upon the death of the testator, Maggie Sommerville had an immediate right to the legacy bequeathed to her, subject only to the termination of her mother's interest in the property.

"Where real or personal estate is devised or bequeathed to a person, and though the vesting in right or interest at first sight appears to depend upon the attainment of a given age or upon the arrival or occurrence of an event or time which is sure to happen or arrive, or, in the case of a residuary bequest without any limitation over, upon marriage, yet if the attainment of such age or the arrival or occurrence of such event or time does not form part of the original description of the devisee or legatee, and the suspensive expressions are of such a nature that they may be construed to refer, not to the vesting in right or interest, but to the vesting in possession or enjoyment, and it appears from the form of the limitation, when more closely considered, or from the intermediate disposition of the property, or from other passages, to be probable that it was only intended to delay the vesting in possession or enjoyment, in such case, the suspensive expressions will be referred to the vesting in possession or enjoyment, and the interest of the devisee or legatee will be actually vested in right before the age or period specified."   Smith, Exec. Int., § 309.

In *Jackson* v. *Jackson,* 1 Ves. Sen. 217, a father bequeathed to his son £400 to be paid to him at the end

of one year after the testator's death, and a further sum of £100 to be paid to him at the death of his mother. The son died before the mother. The court held that he took a vested interest in the £100, saying that the legacy was plainly vested, though the time of payment was postponed. See, also, *Warren* v. *Hembree,* 8 Or. 118; *Winslow* v. *Rutherford,* 59 Or. 124 (114 Pac. 930), and cases there cited. *Fairly* v. *Kline,* 3 N. J. Law, 754 (4 Am. Dec. 414), is in point upon this proposition, in which case a testator directed his lands to be sold after his wife's death, and the proceeds to be divided among his children. One of the children died before the mother, and it was held that the legacy became vested, and that the husband of the child so dying became entitled to the legacy as the administrator of his wife. In that case the court say:

"It is certain that legacies charged upon land are subject to different rules from those charged upon the personal estate only. If a legacy charged upon personal estate only be given unconditionally, and dependent upon no future contingency, then though the day of payment be postponed, as if it be to be paid when the legatee attains the age of 21 years, or marries, or other contingency happens, yet if the legatee died before that day, his representatives shall take. It is a vested legacy. It cannot fall. But if the legacy be charged upon lands in the hands of the heir, and that whether it be the *haeres natus* or the *haeres factus,* and the legatee died before the day of payment, it will not go to his representatives, but will merge in the land for the benefit of the heirs. This is the general rule. But there is an exception to this rule, as well settled at this day as the rule itself. It is this: That when the payment is postponed merely for the convenience and benefit of the estate and family, and not on account of considerations relating to the legatee himself, then, though the legatee

die before the day of payment, yet the legacy shall not merge for the benefit of the heirs, but shall go to the representative. It is a vested legacy."

The same rule is announced in *Cropley* v. *Cooper*, 19 Wall. 167 (22 L. Ed. 109) ; *Pond* v. *Allen*, 15 R. I. 171 (2 Atl. 302).

In the case at bar, as in those last cited, the legacy is given absolutely. Its payment is postponed for no reason personal to or in the interest of the legatee, but solely for the benefit of the widow. For these reasons we hold that the right to receive this legacy became vested in Maggie Sommerville upon the death of her father, and descended to her husband at her death, and that upon his death this right passed to his representatives.

The decree of the circuit court is affirmed.

AFFIRMED.

On Motion to Dismiss, decided October 1, 1912.
On the Merits, Argued March 11, decided March 25, 1913.