Argued December 9, 1948; affirmed February 8, 1949

# WILLIAMSON *v.* DENISON AND GROVES

202 P. (2d) 477

*George A. Rhoten,* of Salem, argued the cause for appellant. On the brief were Rhoten & Rhoten, of Salem.

*William R. Thomas,* of Lebanon, argued the cause for respondent, Frank Groves. On the brief were Morley & Thomas, of Lebanon.

Before ROSSMAN, Chief Justice*, and BAILEY, BRAND and HAY, Justices.

---

* Chief Justice when this case was argued.

BRAND, J.

J. B. Cougill died testate in Linn County, Oregon, on 1 January 1929. Thereafter his last will and testament was admitted to probate in Linn County. The estate was duly closed and the executor distributed to the plaintiff as trustee under the terms of the will, all of the property remaining in the estate after the payment of the expenses of administration, debts and specific bequests.

The said will provided in part as follows:

"Fifth: I give, devise and bequeath all of the rest, residue and remainder of my property and estate of every kind, nature and description and wheresoever the same may be situated to C. E. Williamson of Albany, Oregon, as trustee, in trust as hereinafter defined, to-wit:

"I direct that said trustee shall take charge of all such residue of my estate and manage and invest the same in whatever manner he deems advisable to produce an income and to have complete power and authority to manage the same in every particular except that I direct that before selling any real property said trustee shall secure the consent of my wife, Mary Eliza Cougill, so long as she lives, and after her death the consent of my daughter Emma Retta Newport, and I authorize and direct my said trustee, at his discretion, upon securing the consent of said Mary Eliza Cougill or Emma Retta Newport, as the case may be, to sell my real property at private sale and at such price as in the judgment of said trustee may be fair and reasonable and without order or confirmation of any Court and to execute all deeds or other in-

struments of transfer necessary to pass title thereto. It is my will and I direct that said trustee shall have full, complete and absolute authority to manage and dispose of all such residue of my estate in such manner as he shall deem for the best interests of the estate with the qualification only that before selling any real property he shall secure the consent of my wife and after her death the consent of my said daughter.

"I direct that said trustee shall have charge of the trust estate by this will created so long as my said wife and my said daughter. or either of them shall live.

"I direct that so long as my said wife shall live said trustee shall pay to my said wife a sufficient amount for her comfortable maintenance and support and if the income from said trust fund is not sufficient for that purpose I expressly direct said trustee to use such part of the principal of said trust fund as is necessary for that purpose.

"I direct that after the death of my said wife said trustee shall pay to my daughter, Emma Retta Newport; the entire income from said trust fund, less the expenses of administering said fund, and if at any time my said daughter needs money for her comfortable maintenance and support and the income from said trust fund is not sufficient for that purpose then and in that event I expressly direct said trustee to use part of the principal of said trust fund as is necessary for that purpose.

"I direct that when my said wife and my said daughter are both deceased that said trustee shall pay over all money and property of every kind and nature then remaining in his hands as such trustee in equal shares, that is one-half thereof to each of them, to my two grand-daughters, Beatrice Ione Tate and Mary Louise Groves.

"I direct that said trustee shall give a bond for the faithful performance of said trust in whatever sum shall be directed by the Court in which this will shall be admitted to probate and I direct that

for his services as such trustee said trustee shall be allowed such compensation as may be fixed by the Court in which this will shall be admitted to probate.

"In the event of the death of said trustee at any time prior to the completion of this trust or of his inability or failure to act I direct that the Court in which this will shall be admitted to probate shall have authority upon proper application of anyone interested to appoint a new trustee or trustees to execute the trust herein provided and in the event of the appointment of such new trustee I direct that he shall give bond or undertaking as shall be required by said Court for the faithful performance of said trust."

The plaintiff carried out the terms of the trust provided for in the will, and at the time of filing suit, had in his possession real and personal property described in the complaint.

Mary Eliza Cougill, wife of the testator, was entitled, under the terms of the trust, to receive for the period of her life, the benefits therein provided for her. She died on 16 September 1938, and upon her death the daughter, Emma Retta Newport, became entitled, for the period of her life, to the benefits specified in the will. Under the terms of that instrument, upon the death of the daughter, Emma Retta Newport, the property in the trust was to be distributed in equal shares to the two granddaughters of the testator, Beatrice Ione Tate (now Denison) and Mary Louise Groves. The granddaughter, Mary Louise Groves, died intestate on 19 January 1944, leaving her husband, Frank Groves, as her sole heir. Thereafter, and on 15 February 1947, the testator's daughter, Emma Retta Newport died. The contest is between Beatrice Ione Denison, granddaughter of the testator, and Frank Groves, the heir of the deceased grand-

daughter, Mary Louise Groves. Frank Groves claims one-half of the remainder, which claim is contested by Beatrice Ione Denison, who claims all of the estate remaining in the trust.

In appellant's brief the issue is stated as follows:

"The sole question presented on this appeal and in this litigation is whether or not Mary Louise Groves, granddaughter of the testator, had a vested interest in the trust assets during her lifetime. If Mary Louise Groves did have a vested interest or an estate of inheritance in the trust assets, then Frank Groves should prevail in his claim for one-half of the trust assets, but if the interest of Mary Louise Groves did not vest during her lifetime, then Frank Groves had no interest in the trust estate."

The only assignment of error is that the court erred in holding that Mary Louise Groves, during her lifetime, had a vested interest in the trust assets. If Mary Louise Groves had such an interest, then, it is clear that upon her death her interest in the trust passed to Frank Groves, her heir. *Morse v. Paulson*, 45 Adv. Sheets, 186 P. (2d) 394; Scott on Trusts, Vol. 1, section 142.

In *Winslow v. Rutherford*, 59 Or. 124, 114 P. 930, this court said:

"It is a well-known rule of law that an interest shall be construed to be vested rather than contingent. We quote from one of the highest authorities:

" 'It is a well-known general rule that an interest shall be construed to be vested, rather than contingent. Or, to express the rule more precisely, that in doubtful cases an interest shall, if it possibly can consistently with other rules of law, be construed to be vested in the first instance, rather

than contingent; but, if it cannot be construed as vested in the first instance that at least it shall be construed to become vested as early as possible.' Smith, Exec. Int. § 200.''

■■ Again, in *Stevens v. Carroll*, 64 Or. 417, 129 P. 1044, L. R. A., 1918E, 1095, the court said: ''A legacy or interest created by devise should always be construed as vested rather than contingent.'' The same rule of construction is applied in *Jones v. Miller*, 283 Ill. 348, 119 N. E. 324; *Baley v. Strahan*, 314 Ill. 213, 145 N. E. 359; *In re Greenslitt's Will*, 300 N. Y. S. 1099; and *In re Van Augen's Estate*, 31 N. Y. S. 2d 897. In *Stevens v. Carroll*, supra, the court said:

''* * * A vested estate is an estate where there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of some intermediate or precedent estate. * * *''

In *Jones v. Miller*, supra, the court said:

''* * * A remainder is said to be vested when it is limited to determinate persons, to take effect in possession immediately upon the determination of the particular estate (Pingrey v. Rulon, 246 Ill. 109, 92 N. E. 592), and to be contingent when it is limited to take effect upon a dubious or uncertain event or to a dubious and uncertain person * * *''

■ Applying this definition, it would appear that Mary Louise Groves acquired a vested interest in the assets of the trust. If immediately after the establishment of the trust, Mary Eliza Cougill and Emma Retta Newport had both died, Mary Louise Groves and Beatrice Ione Tate would then have been entitled to a distribution of the trust funds under the terms of the will. It is the contention of Beatrice Ione Denison,

however, that the interest of Mary Louise Groves was contingent only. We quote from appellant's brief:

"* * * The contingencies were two in number: the first contingency was that it might have become necessary for the trustee to consume all the trust estate in caring for Mary Eliza Cougill. Secondly, it might have been necessary for the trustee to consume the entire trust estate in caring for Emma Retta Newport. * * *"

It is claimed that the two contingencies may have resulted in the entire elimination of any remainder for distribution.

In order for Frank Groves to inherit the interest of his wife, it was not necessary that a legal title should have vested in the wife prior to her death, but only that she should have acquired a vested equitable interest in the trust property, nor does the vested equitable estate necessarily imply a present right of enjoyment. As said in the Restatement of the Law, Trusts, Vol. 1, section 129, "The interest of the beneficiary may be a future interest either vested or contingent." The following illustration is given in support of the text:

"A, the owner of Blackacre, transfers Blackacre to B in trust to pay the rents and profits to C for life and on C's death to convey Blackacre to D. C and D are both beneficiaries of the trust, C having an equitable life interest and D a vested equitable interest in fee simple."

A vested future interest constitutes a property interest in the subject matter of the trust. Vol. 1, Scott on Trusts, section 130 at p. 683. Again in conformity with the Restatement, we hold that "The subject matter of a trust must be definite or definitely ascertainable from facts existing at the time of the creation of

the trust." Restatement of the Law, Trusts, Vol. 1, section 76. But, it is also the rule that:

"The extent of the interest of the beneficiary of a trust need not be definite at the time of the creation of the trust if it is definitely ascertainable within the period of the rule against perpetuities." Restatement of the Law, Trusts, Vol. 1, section 129.

Concerning the specific contention of the appellant that the interest of Mary Louise Groves was contingent because of the power vested in the trustee to expend the corpus of the estate for the support of his widow and daughter, the following from an eminent authority is pertinent:

"On the other hand, where all the purposes are valid, the trust does not fail merely because the trustee is given discretion as to how much of the trust property shall be applied to each of the purposes, since by the exercise of his discretion the amount applicable to each becomes certain. Even though the trustee fails to exercise the discretion thus conferred upon him, as for example where he dies without having apportioned the trust property among the objects, the trust will not ordinarily fail, since the court will apportion the trust property among the objects in equal shares." Scott on Trusts, Vol. 1, section 129.

And see section 74.2. From the same authority we quote the following:

"Where the subject matter of the trust is definite, the trust does not fail merely because the trustee has power to withdraw property from the trust in his discretion and it is therefore uncertain how much of the property will be received by the beneficiary who is entitled to the property on the termination of the trust. It was held otherwise in a case in Illinois, but the case cannot be supported. In that case a testator left the residue of his estate in trust and provided that the trustees should give

such portion as they might think best to one or more of his brothers or sisters that might stand in need and the remainder should be devoted by the trustees in their discretion to certain charitable purposes. The court held that the trust was invalid, because it was uncertain whether any part of the fund would remain. It was uncertain therefore how much was to be devoted to charity. The decision is justly criticized by Professor Kales, and its effect is limited by later decision of the Illinois court.

"A trust does not fail for uncertainty of the subject matter even though the life beneficiary is entitled to receive so much of the principal as he may demand and it is therefore uncertain how much will be left for the remainderman. * * *" *Scott* on Trusts, Vol. 1, section 76.

In *Buxton v. Noble,* 146 Kan. 671, 73 P. (2d) 43, the will of the testator, Edward A. Noble, provided in part as follows:

"* * * 'Ninth. All the rest, residue and remainder of my estate whatsoever kind or nature and wherever situate, I give, devise and bequeath to my executors, hereinafter named and their successors in trust however for the use, benefit and enjoyment of my sister, Cora Helen Noble of Kinsley, Kansas, so long as she lives. And it is my will that my said executors pay to her from time to time as she may call for it, all the income from my estate and when they may deem it necessary for her support, comfort and enjoyment, such part of the principal as they may deem proper. And on the death of my sister the said Cora Helen Noble, I give, devise and bequeath the residue thereof then remaining and the accretions thereto, if any, to my brother Lester B. Noble, my nephew Paul L. Noble, my nephew Edward T. Noble, and my nephew Harry N. Barker, share and share alike, per capita and not per stirpes.' "

All four of the remaindermen were living at the death of the testator, but all of them, except Paul L. Noble, had died before the death of the life tenant. The life tenant died and the trustees brought suit for the construction of the will. The court said:

"In support of the position the will created a contingent remainder, appellants urge a number of theories. One theory is that the extent of the interest of the remaindermen could not be ascertained until the termination of the life estate. It is urged that under the provisions of paragraph 9, the trustees were permitted to dispose of the entire estate if they deemed it necessary for the support, comfort, and enjoyment of the life tenant, testator's sister. The trouble with that theory is that the right of a life tenant to exhaust the estate is not a test of a vested remainder. The right to exhaust an estate does not destroy the power to create an interest in the residue, if any such there be. In Markham v. Waterman, 105 Kan. 93, 97, 181 P. 621, 622, it was said: 'where the interest is vested, where its status is fixed, it is immaterial that the right or interest may be of indefinite value, or that when the efflux of time brings the remainderman into possession it may have no material value. [And citations].'

"If the remainder actually vested, then the owners thereof had an interest therein, irrespective of its dignity or value which they could transfer by sale or devise subject, of course, to the life estate. Stevenson v. Stevenson, 102 Kan. 80, 169 P. 552, and Markham v. Waterman, supra. We are thus forced to return to the point of beginning and inquire whether this will created a vested remainder. Appellants again contend it did not. The basis of their second contention is that the question of which of the four named remaindermen would take under the will could not be determined until the expiration of the life estate. In this view appellants are in error. The remaindermen were

definitely named. There was no uncertainty concerning their identity. They were living at the death of the testator and took immediately upon the death of the life tenant. These facts satisfy every element of a vested remainder in this state. Our lawmakers have seen fit to expressly define a vested remainder. The pertinent portion of G. S. 1935, 79-1504, provides: 'Vested estates in remainder, as used herein, shall include all estates where the remainderman, being alive, would take at once if the life tenant were to die.' "

To the same effect see *In re Greenslitt's Will*, supra; *In re Van Auken's Estate*, supra; 144 A. L. R. (note page 1163). ..

The decision of this court in *Morse v. Paulson*, supra, is not inconsistent with our decision here. In that case it was contended that the son and daughter of the testator each took a vested interest in the assets of the estate. The will of the father vested a life estate in his wife and appointed her trustee of the assets, with a provision that the trust should terminate in the year 1953. The will provided that if the son should die prior to the expiration of the trusteeship, leaving no children, then the interest "that my son would have received had he lived to become entitled to an interest in my estate * * * should descend to the daughter. However, if the son should die prior to the termination of the trust, leaving children, then the children were to receive the interest "which my said son would have received." The son died prior to the expiration of the trust. Under these provisions, the persons to whom the property should go upon the termination of the trust were "dubious and uncertain" and depended upon an uncertain event, namely the date of the death of the son. In substance, the court held that the interest of the son was a contingent one. Not only was enjoy-

ment postponed, but the right itself was to accrue only if the son was living at the termination of the trust. He was "to become entitled to an interest" if he lived to the specified date. The Morse case is distinguishable from the case at bar.

■ We hold that Beatrice Ione Tate, now Denison, and Mary Louise Groves each had a vested equitable estate in the remainder to come into enjoyment after the termination of the preceding life estates. Upon the death of Mary Louise Groves, her husband and heir, Frank Groves, became the owner of her equitable interest, the enjoyment of which was postponed until the death of Emma Retta Newport on 15 February 1947.

The decree of the circuit court is affirmed.