Argued September 25; reversed and remanded November 12, 1947

MORSE, as TRUSTEE ET AL. *v.* PAULSON, as
GUARDIAN ET AL.

186 P. (2d) 394

*Roy Harland,* of Salem, (Ralph E. Moody of Salem, on brief), for appellants.

*Asa Lewelling,* of Salem, (Ross & Lewelling, of Salem, on brief), for respondents.

Before Lusk, Acting Chief Justice, and Belt, Kelly and Hay, Justices.

BELT, J.

This is a suit to obtain a judicial declaration as to the proper construction of the last will and testament of B. L. Steeves, who died at Salem, Oregon on October 23, 1933.. Decedent left surviving him, his widow, Sarah, and two children—Laban A. Steeves, a son, and Muriel Morse, a daughter. Laban A. Steeves died testate in Marion County, Oregon on March 30, 1943, leaving surviving him, his widow, Mary Ellen Steeves, and three sons—Laban Richard Steeves, Robert Wade Steeves, and Thomas Watson Steeves. Mary Ellen Steeves remarried and is now the wife of the defendant Conrad P. Paulson. In the last will and testament of Laban A. Steeves the home and furniture was devised and bequeathed to his wife, and the residue of his estate was devised and bequeathed to her and his three sons, share and share alike.

A bona-fide controversy has arisen between the parties hereto as to whether or not the defendant Mary Steeves Paulson is entitled to any interest in the assets

of the trust created by the will of B. L. Steeves, deceased. Plaintiffs contend that Laban A. Steeves was only a beneficiary of the trust and that he did not take an absolute title in and to any of the assets of his father's estate. The defendant Mary Steeves Paulson asserts that on the death of B. L. Steeves, her former husband, under and by virtue of his father's will, acquired an absolute title in and to one-half of the assets of the estate, and that by reason of Laban's last will and testament, she has a one-fourth interest in and to one-half of such assets.

The Circuit Court held in keeping with the contentions of the defendants. It was decreed that under the will of B. L. Steeves, deceased, Laban A. Steeves and Muriel Morse each took an absolute title in and to one-half of the assets of said estate subject to the management of the trust, and that Muriel Morse was the duly appointed and acting trustee.

It was further decreed that under the will of Laban A. Steeves, his vested interests in the estate of his father passed in equal shares to Laban's widow and his three sons.

It was further decreed:

" * * * that Muriel Morse pay, the net trust income received by her as such management trustee, the one-half to herself, and the remaining one-half part, in equal shares, to Mary Steeves Paulson, widow of Laban A. Steeves, deceased, Laban Richard Steeves, Robert Wade Steeves and Thomas Watson Steeves, and to the guardians of such of them as are minors during the periods prior to their respective majorities; and

" * * * that no party hereto recover costs or disbursements, but that the actual necessary costs and expenses of the respective parties, including attorney's fees, be paid from the trust aforesaid."

From this decree the plaintiffs have appealed.

Turning to the last will and testament of B. L. Steeves, deceased, we find that the testator gave a life estate to his widow. In keeping with the terms of the will testator's widow was appionted trustee of the estate and was vested with exclusive management and control of his property and the income therefrom "during the remainder of her natural lifetime." It was provided in the Third paragraph of the will that upon the death of the widow, Sarah H. Steeves, testator's son and daughter were to serve as co-trustees of the estate. Sarah died on September 28, 1939, and on October 9, 1939, Laban and Muriel were appointed as trustees. Laban died on March 30, 1943, and Muriel was appointed as sole trustee on May 4 of the same year, and she has continued to act as such ever since. Testator in the Third paragraph of his will directed that at the completion of the administration of his estate the "same shall be delivered over to the Trustee or Trustees to be taken, held and managed for the purpose and benefit of my estate, legatees and devisees as hereinafter specified." In the same paragraph the testator further provides that his trustee or trustees shall hold his estate "intact" until his daughter, Muriel Morse, "shall have arrived at the age of sixty years or until she would have arrived at the age of sixty years had she lived, but in no event shall said Trustees maintain, hold and manage my estate for a greater period than twenty years from the date of my death regardless of the age that my daughter might be or have been at said time." (The trust terminates on October 23, 1953.) Provision in the will was made for the payment from the income of the estate the sum of $200.00 per month each to Laban and Muriel in the

event that the administration of the testator's estate was not completed prior to the death of his wife. (The estate of the testator was closed on January 2, 1937.) In the Third paragraph of the will the trustee was authorized to sell real property not "used or capable of being used for business purposes," and the proceeds of the sale were to be added to the corpus of his estate.

Fourth paragraph:

"I hereby devise and bequeath any and all property owned by me at the date of my death, subject to the estate given my wife, Sarah H. Steeves, as hereinbefore mentioned, and subject to her prior right to the income therefrom as above provided, and subject further to the Trusteeship mentioned and contained, in the former provision of this will to my son, Laban A. Steeves, and to my daughter, Muriel Morse, each of my said children to receive one-half of said estate, share and share alike therein."

Following the above first sentence of the paragraph, the testator provided that his son Laban "shall receive my entire estate" upon certain contingencies, none of which have happened. The will further provides that in the event Laban should die prior to the death of his father or mother or prior to the "expiration of the Trusteeship" and leaves no child or children, the interest "that my said son would have received *had he lived to become entitled to an interest in my estate as hereinabove mentioned,* shall descend to and become the property of my daughter, Muriel Morse." (Italics ours) Laban died prior to the termination of the trust. However, if Laban died leaving a child or children surviving him, then it was provided in the will that said child or children "shall receive the interest in and of

my estate which my said son *would have received."* (Italics ours) The will is extremely lengthy—covering seventeen pages of the printed abstract of record—but we think the above recital of its terms is sufficient to ascertain the intention of the testator and to comprehend the questions before us for decision.

Did Laban A. Steeves in his will devise and bequeath any of the trust estate to his wife and children? The answer to this question depends upon whether he had a present vested interest in such trust estate upon the death of his father. If Laban A. Steeves was only a beneficiary of the trust and acquired no interest therein in the event he was not living at the time of the termination of the trust—which terminated twenty years after the death of his father—it is clear that he could make no testamentary disposition of the trust property. However, if Laban acquired a vested interest in and to one-half of the trust estate, then his will passed such interest to his wife and three children. These are the vital questions on this appeal.

■ It manifestly appears from the will of Dr. B. L. Steeves that he intended to and did create an active trust which was to terminate not later than twenty years after his death. It is plainly evident that the testator desired to keep the chief asset of his estate, the "Guardian Building," intact during the trusteeship as that was income-producing property. We are also convinced that the testator never intended that his son Laban—also a doctor having a lucrative practice—should have a present vested interest in his estate at the time of testator's death. Laban only had a beneficial interest in the trust estate and having died prior to the termination of the trust, had no interest in the estate of his father which he could devise or bequeath. *Lee v. Albro,* 91 Or. 211, 178 P. 784; *Stein v. U. S.*

*National Bank,* 165 Or. 518, 108 P. (2d) 1016; *Wilhelm v. Calder,* 102 Iowa 342, 71 N. W. 214; *Fulton v. Fulton,* 179 Iowa 948, 162 N. W. 253. It is not claimed that the wills involved in the above cases are "twin brothers" of the will under consideration, but it is believed that the legal principles announced in such decisions control herein.

When a trust is created, the legal title is vested in the trustee. As said in *Allen v. Hendrick,* 104 Or. 202, 223, 206 P. 733:

> "A trust implies two estates,—one legal, and the other equitable; it also implies that the legal title is held by one person, the trustee, while another person, the cestui que trust, has the beneficial interest."

The creation of a trust requires a separation of the legal title and the equitable interests in the property. Here, there has been no merger of such titles.

We agree with respondents that if the sole beneficial interest and the legal title are in the same person, there can be no trust. 1 Scott on Trusts, § 99; 54 Am. Jur. 46, § 35. In the instant case Muriel Morse, as trustee, is administering the trust not only for herself but for the interests of the grandchildren of the testator. The mere fact that the trustee has an interest in the trust property does not render the trust invalid.

The validity of the trust is also challenged on the ground that there is no devise of property to the trustee. In the will the trustee was authorized, among other things, to sell certain real property and securities. The trustee could not accomplish the purposes of the trust without having the legal title to the property which he would sell or convey. We think there is a clear implication that the legal title to the trust prop-

erty is vested in the trustee when such is necessary to accomplish the purposes of the trust. *Sherlock v. Thompson,* 167 Iowa 1, 148 N. W. 1035, Ann. Cas. 1917 A, 1216. In 54 Am. Jur. 72, § 65, it is said:

"Where a testamentary trust is intended to be created, although words of devise in trust are lacking, the courts will, nevertheless, honor and enforce the trust."

Considering the will in its entirety we are convinced that the testator never intended to give either of his children, Laban and Muriel, a present vested interest in his estate. They had merely a beneficial interest in the property on which the testator had imposed a trust. The testator could not create an active trust where the legal title to the property would necessarily be vested in the trustee, and then vest his children with an absolute fee simple title to the same property. When it is concluded that a testamentary trust was created by B. L. Steeves, decedent, we have the answer to the questions presented on this appeal. Under the terms of the will, Laban A. Steeves and his sister, Muriel Morse, must be living at the termination of the trust in order to have any interest in the estate. That part of the will which provides how the trust property shall be distributed, in the event that Laban or Muriel died prior to the expiration of the trust, could not be carried out or enforced if either Laban or Muriel acquired a present vested interest in the property on the death of their father.

Defendants rely strongly on the first sentence of the Fourth paragraph of the will wherein the testator devised and bequeathed all of his property to his two children, share and share alike, subject, however, to the trust created in the first part of the will and to the

life estate in the widow. When this sentence is considered in the light of the other provisions of the will, we believe the testator clearly had in mind the interests his children would acquire if they were living at the time of the termination of the trust and when the assets thereof were distributed.

Defendants invoke the rule of construction that where an estate in fee is given in one clause of a will in clear and explicit terms, the interest which the devisee thus obtains cannot be taken away or diminished by any subsequent vague or general expression of doubtful import repugnant to the estate given—citing *Howell v. Deady,* 48 F. Supp. 104, 109. In our opinion, such rule has no application herein for the reason that the dominant idea or purpose of the testator, B. L. Steeves, decedent, was the creation of an active trust. This the testator accomplished in the Second paragraph of his will. In no subsequent clause of his will did he express any intention to limit or defeat the interests of the beneficiaries. The will construed in the Howell case is so different from the one here under consideration that such authority may well be said not to be in point.

We are in accord with the conclusion of the Circuit Court that a testamentary trust was created and that Muriel Morse is the duly appointed and acting trustee, but are unable to agree with its construction of the will.

We conclude that, by virtue of the last will and testament of B. L. Steeves, deceased, Muriel Morse is at present entitled to one-half of the net income of the trust property and that the other half of such income should be distributed in equal shares to Laban Richard Steeves, Robert Wade Steeves, and Thomas Watson Steeves.

■ The necessary and reasonable expenses incurred by the parties hereto in this litigation are a proper charge against the estate. Plaintiffs are allowed a reasonable attorney's fee. Neither party is entitled to costs or disbursements here or in the Circuit Court. The decree is reversed and the cause remanded with directions to proceed in accordance with this opinion.