UNITED PACIFIC INSURANCE COM-
PANY, a corporation, Plaintiff,

v.

The FIRST NATIONAL BANK OF ORE-
GON, a national banking association,
and Bernard B. Cantor, Trustee of the
Bankrupt Estate of Nils Sigurd Anders-
son, Defendants.

Civ. No. 62–145.

United States District Court
D. Oregon.

May 28, 1962.

Mautz, Souther, Spaulding, Kinsey &
Williamson and Douglas M. Thompson,
Portland, Or., for plaintiff.

Walter H. Pendergrass; Pendergrass,
Spackman, Bullivant & Wright; Seymour
L. Coblens, Reinhardt, Coblens & Stoll,
Portland, Or., for defendants.

KILKENNY, District Judge.

This litigation grows out of the finan-
cial difficulties of Sig Andersson in con-
nection with the construction of segments
of highways in Coos County, Oregon.

Andersson was engaged in the high-
way construction business and in the
year 1961 agreed to construct said seg-
ments. As part of said agreements the
plaintiff, as surety, and Andersson, as
principal, executed and delivered certain
surety bonds in compliance with state
and federal law. During the course of

construction Andersson found himself unable to meet his obligations and, as an outgrowth of conferences with plaintiff, entered into a "Joint Control Agreement" which provided, among other things.[1] The agreement further provided that payment could be made from said account only for specified purposes, including bills for labor and materials in the prosecution of the work, contributions due the State Industrial Accident fund, payments due the Internal Revenue Service and State Tax Commission for withholding taxes on employees, bills for payment of rentals, contract payments or lease payments on equipment necessary for the completion of the job and $250 per week to be paid to Andersson for his living expenses, including real estate payments and car payments. Only after payment of all of said sums and reimbursement of plaintiff for all costs and expenses incurred in connection with Andersson's failure to perform would he be entitled to any portion of the fund.

Deposited into said account from the proceeds of the construction work done and materials furnished on the job covered by said contracts and certain small personal contributions by Andersson was a total of $340,515.33, and paid out of said account pursuant to said agreement, prior to the bankruptcy hereinafter mentioned, was a total of $327,014.90, leaving a balance in the account of $13,500.43.

On March 6, 1962, while said balance remained in said account, Andersson was adjudicated a bankrupt and the following day the defendant Bernard B. Cantor was appointed and qualified as receiver and on April 6, 1962 was appointed trustee of the bankrupt estate. The funds so remaining on deposit are inadequate to pay in full the bills for labor and material arising out of the construction jobs mentioned in said contracts. These facts are alleged in plaintiff's complaint.

Defendant Cantor moves to dismiss the complaint on the following grounds:

1. That the Court has no jurisdiction of the subject matter.

2. That the complaint fails to state a claim on which relief can be granted.

■■ Cantor earnestly contends that the bankruptcy court has original and exclusive jurisdiction of adjudicating title to the fund in question and that the jurisdictional question must first be decided by the bankruptcy court. This position is unsound. It is fundamental that a federal district court has inherent power to determine its own jurisdiction. Bigelow v. United States, 9 Cir., 1959, 267 F.2d 398; Ripperger v. A. C. Allyn & Co., 2 Cir., 1940, 113 F.2d 332; cert. den. 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450; Lambert v. Central Bank of Oakland, 9 Cir., 1936, 85 F.2d 954; cert. den. 300 U.S. 658, 57 S.Ct. 437, 81 L.Ed. 867; Hardy v. Bankers Life & Casualty Co., 7 Cir., 1956, 232 F.2d 205; cert. den. 351 U.S. 984, 76 S.Ct. 1051, 100 L.Ed. 1498.

---

1. "* * * 1. A trust account shall be opened in the First National Bank of Oregon, North Bend Branch, North Bend, Oregon, for all of the following described jobs, of Andersson, to be designated the 'Andersson-United Pacific Construction Account' and withdrawals from said account shall be made only upon the signature of Andersson, counter-signed by A. D. Reinhard or John Gordon on behalf of United Pacific.

* * * * *

"2. Payments into said account shall be made from time to time by Andersson and any moneys paid by the Bureau of Public Roads, the City of Medford and the Oregon State Highway Commission for estimates or retainage or otherwise, for the performance of any of the aforesaid contracts, shall be placed in said account.

"3. All moneys placed in said account shall constitute trust funds for the purpose of paying for work heretofore or hereafter done or materials heretofore or hereafter furnished in and about the performance of the said contracts. None of the moneys deposited in the said account shall be liable to attachment, garnishment or any other legal or equitable proceedings, including liens or encumbrances of any kind or description, or shall be assigned or diverted from the uses and purposes herein designated."

■ Defendant argues that the Joint Control Agreement between Andersson and United Pacific Insurance Company did not pass title of the fund in question to the trustees therein named and that on the adjudication in bankruptcy, the title to said fund, or at least that portion personally deposited by Andersson, would pass to the trustee in bankruptcy. The language of the agreement is clear and unambiguous. Oregon law controls its interpretation. Sheerin v. Steele, 6 Cir., 1957, 240 F.2d 797; cert. den. 353 U.S. 938, 77 S.Ct. 816, 1 L.Ed.2d 760; Pritchard v. Norton, 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104.

■■ Under Oregon law a trust implies the existence of two estates, viz., one legal and the other equitable. It also implies that the legal title is held by one person, the trustee, and that the other person holds the equitable or beneficial interest in the property. Hawkins v. Donnerberg, 40 Or. 97, 107; 66 P. 691, 908; Allen v. Hendrick, 104 Or. 202, 223, 206 P. 733. It is no objection to the validity of the trust that one of the trustees might be an eventual beneficiary, nor is such a beneficiary or the original trustor disqualified from acting as trustee. Allen v. Hendrick, supra, p. 225, 206 P. 733. The fact that a trustee may also be a beneficiary does not merge the legal and equitable title nor render the trust invalid. Morse v. Paulson, 182 Or. 111, 186 P.2d 394.

In clear and express language the agreement between the parties creates a fund into which is to be paid the proceeds of the performance of certain contracts by Andersson and personal deposits that might be made by him. By the express provisions of the contract the money so deposited constitutes a trust fund for the purpose of paying for the work theretofore or thereafter done and for materials theretofore or thereafter furnished in connection with the performance of all of said contracts. When the moneys were deposited in said fund, the bankrupt lost all control over the same, with the exception of performing his duties as outlined under the agreement. The legal title to said funds then passed to the trustees under the contracts, and the beneficial or equitable title then lodged in the named beneficiaries. Under the allegations of the complaint the claims against the fund exceed the amount of the deposits. The contingency under which Andersson, and in turn the trustee, might acquire some interest in the fund has never occurred. On the face of the pleadings, the defendant trustee would have no right, title or interest in the fund. A case lending full support to these conclusions, decided under Missouri Law, is United States Fidelity & Guaranty Co. v. Sweeney, 8 Cir., 1935, 80 F.2d 235.

Street v. Pacific Indemnity Co., 9 Cir., 1932, 61 F.2d 106, cited by defendant, is of no help. There, the surety attempted to take possession of monies due the contractor after the adjudication in bankruptcy. Obviously, in that case, the legal title was vested in the contractor and passed to the trustee on the adjudication. There was no trust agreement for the benefit of creditors, such as here alleged.

In In re Muntz TV, 7 Cir., 1956, 229 F.2d 228, the fund in question was admittedly paid to the landlord *as security* for compliance by the bankrupt with the provisions of a lease. The court properly held that since such sum was deposited as security, the title to the fund remained in the bankrupt and passed to the trustee on the adjudication. There is no similarity between the facts in that case and those in ours. In re Muntz TV, 7 Cir., 1955, 225 F.2d 489, supports my conclusions rather than those of the defendant trustee.

The court has jurisdiction and the complaint states facts sufficient to constitute a cause of suit. The motion to dismiss is denied and defendants are required to answer within ten days from the date hereof.