Argued and submitted March 24, affirmed July 14, appellants Porco and Schick's reconsideration denied, respondent William LaGrand and joinder of appellant Brian LaGrand's reconsideration denied September 11, petitions for review denied December 9, 1980 (290 Or 211)

Estate of John LaGrand, Deceased.
LaGRAND, et al,
*Appellants,*
*v.*
LaGRAND, et al,
*Respondents.*

(No. 129761, CA 14839)

613 P2d 1091

John R. Sabin, Portland, argued the cause for appellant Brian LaGrand. With him on the brief was Newcomb, Sabin, Meyer & Schwartz, Portland.

Eugene E. Feltz, Portland, argued the cause for appellants Helen Schick and Sadie Porco. With him on the brief was Casey, Palmer, Feltz and Sherry, Portland.

Charles W. Carnese, Portland, argued the cause and filed the brief for respondent Louis LaGrand.

Terry G. Hannon, Gresham, argued the cause for respondents Robert M. Reed, Jess Myers and William H. Johnston. On the brief were Terry G. Hannon, Monica M. O'Brien and Pattullo, Gleason, Scarborough, Trammell & Hannon, Gresham.

Norman L. Lindstedt, Portland, argued the cause for respondent William LaGrand, Sr. With him on the brief was Lindstedt & Buono, Portland.

Dan LaRue and Baker, LaRue & Paygr, Portland, waived appearance for respondent Marilyn DeVries.

Lewis B. Hampton and Bolliger, Hampton & Tarlow, Portland, waived appearance for respondents Louis LaGrand, Lawrence Schick, Jess Myers and Robert M. Reed, in their capacities as personal representatives.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

This is a dispute over the disposition of the beneficial interest in shares of stock held in a trust established by the will of the late John LaGrand.

The will bequeathed stock of testator's company, LaGrand Industrial Supply Company, to four named trustees, subject to the following condition:

"[T]he beneficial ownership* * *shall be vested equally in each of the following persons:

> Louis LaGrand
> Lawrence Schick
> Helen Schick
> William LaGrand, Sr.
> Brian LaGrand
> Marie Hyland
> Sadie Porco
> Robert M. Reed
> Jess Meyers

who were employed by said company at my death." Beneficiaries were also to include "Any other person or persons not listed above but who has been continuously employed by the company for twenty (20) years or more, and is so employed at my death,* * *." Helen Schick, William LaGrand, Sr., Brian LaGrand, Marie Hyland and Sadie Porco, all relatives of the testator, were not employed by testator's company at the time he executed his will nor on September 1, 1978, the date of his death.

Brian LaGrand, for himself and as personal representative of the estate of Marie Hyland,[1] Helen Schick and Sadie Porco brought suit seeking a declaratory judgment that the will was ambiguous and that they were entitled to share in the beneficial ownership of the stock of LaGrand Industrial Supply Company. They also petitioned that the clause in the will, "who were employed by said company at my death,"

---

[1] Helen Schick has since been substituted as personal representative of Marie Hyland's estate.

[83]

be invalidated on the grounds that the will was prepared and executed pursuant to a mistake.

The defendants moved for summary judgment and the hearing on this motion was consolidated with a hearing on the application of the personal representatives of testator's estate for instructions for construing the will.

The trial court concluded as a matter of law that there was no ambiguity to be resolved, nor any mistake which could be rectified by a court. Therefore, it dismissed plaintiffs' suit for declaratory judgment, denied the petition to invalidate a portion of the will and instructed the personal representatives that William LaGrand, Sr., Brian LaGrand, Helen Schick, Sadie Porco and Marie Hyland were not entitled to a beneficial interest in the stock. We agree.

■■ The general rule is that a will speaks for itself and resort to extrinsic evidence may not be had to ascertain a testator's intent. *Heimbigner, et al v. U. S. Natl Bank,* 190 Or 592, 227 P2d 827 (1951). It has long been recognized, however, that extrinsic evidence is admissible to reveal a latent ambiguity in the words of the testator and that a court will then construe the will in light of this extrinsic evidence. *Barnstable v. U. S. Nat. Bank,* 232 Or 36, 374 P2d 386 (1960).

■ Plaintiffs argue that their offering of evidence contained in their affidavits opposing the motion for summary judgment show that testator had actually intended that they share in the beneficial ownership of the stock. In his affidavit, Brian LaGrand, a nephew of testator, states that he has never worked for LaGrand Industrial Supply Company, that he was never offered a position at that company and that his uncle never indicated a desire that Brian work for his company. He also states that testator's sister, Marie Hyland, was 83 years old when testator drafted his will. Helen Schick's affidavit relates that she had never worked at LaGrand Industrial Supply Company,

[2] Testator bequeathed each of the petitioners and Marie Hyland 1/17 of the residue of his estate, with no conditions attached.

testator, her uncle, ever offered her a job at his company or expressed a desire that she work for his company. She had been told by testator that she would be taken care of when he died. Sadie Porco was the niece of testator's late wife. Her affidavit states that she was a resident of Canada and had never intended residing in Oregon. Testator never suggested that she become employed at his company, yet he had told her on two occasions that she was a beneficiary of his will.[2]

These affidavits and further evidence of testator's devotion to his family do not reveal any ambiguity in the bequest of LaGrand Industrial Supply Company stock. The extrinsic evidence does not reveal that the beneficial ownership of the stock cannot be distributed to those of the nine named beneficiaries "who are employed by said company at my death," nor were conflicting intentions expressed which would require resolution by a court. In fact, immediately following those words the will continues:

"If any of said persons is so employed at the time of his or her death but shall have predeceased me, leaving lineal descendants who are surviving at my death said beneficial interest shall be vested in his or her lineal descendants by right of representation, except in the case of SADIE PORCO and MARILYN DeVRIES [a beneficiary who takes under another article of the will]."

This repetition of the employment condition indicates that the express intent of testator was indeed that those listed were to take only if they were employed by the firm at testator's death.

■ Finding no ambiguity in the will, we turn to the question of whether there was a mistake. Plaintiffs offered the deposition of the testator's attorney who drafted the will to support their argument.[3] The

---

[3] The attorney testified that he had drafted several wills for the testator, the first in 1962. By a 1966 draft, the testator granted each of the plaintiffs one-tenth of testator's stock in LaGrand Industrial Com

attorney stated that he drafted the will exactly as testator directed and that he had assumed at the time he drafted the will that all the persons listed by testator were employees of testator's company. He further stated that when he learned otherwise, he asked testator whether he wanted the nonemployee relatives to take under this clause in the will. Upon the testator's assertion that he did want his relatives to so take, the attorney drafted a new will. Testator died shortly thereafter without having signed the new will.

■ In some instances a court may invalidate a portion of a will when a mistake as to facts influenced a disposition of property which disposition would not have been made had the facts been known. *U. S. Nat. Bank v. First Nat. Bank,* 172 Or 683, 690, 142 P2d 785, 143 P2d 909 (1943). No one suggests, however, that testator did not realize that five of the persons listed were not employed at his company and were unlikely to be so employed in the future. Instead, it is contended that testator did not realize the import of the wording of the testamentary disposition. An error of this type may not be considered by a court in construing a will. "It is what a testator said in his will rather than what he meant to say that should be determined." *Unander v. U. S. Natl Bank et al,* 224 Or 144, 355 P2d 729 (1960), quoting Thompson, Wills, (3d ed), 330, § 214.

■ Plaintiffs argue that the error was actually that of the attorney who without question drafted the will as directed. Scrivener's errors have sometimes been corrected by the courts, *see* Annot., 90 ALR2d 924

---

pany, "provided, however, that they are employed by the corporation at the time of my death." A 1970 redraft was occasioned by the testator's desire to remove as a beneficiary a relative who had left the employ of the company. The attorney further testified that testator did not want to remember certain family members in his will because they had left testator's employment; and he testified "[I]t was his intent and desire to reward the employees for building the business by giving it to them when he was gone * * * *"

(1963 & Supp 1979), but a scrivener's error is not what we have here. The attorney drafted the will exactly as he was directed. The project may have involved an error in legal counseling, but it did not involve a scrivener's error.

As the meaning of the will was clear and unambiguous, there was nothing to construe. The will contained no mistake which would permit a court to invalidate a portion of the will. The trial court was correct in dismissing plaintiffs' suit and instructing the personal representative of the estate to distribute beneficial ownership among only those the named persons who were employed by LaGrand Industrial Supply Company at testator's death together with one additional employee who had been employed by the company for 20 years at testator's death.

Affirmed.