Argued and submitted October 26, 1987, reversed and remanded as to
Farmers Ins. Co., otherwise affirmed March 23, 1988

# DUCY,
*Appellant,*

*v.*

# FARMERS INSURANCE COMPANY
## OF OREGON et al,
*Respondents.*

(A8608-04629; CA A43000)

751 P2d 803

Douglas P. Devers, Portland, argued the cause and filed the brief for appellant.

Thomas M. Christ, Portland, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Richardson, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## JOSEPH, C. J.

This case was submitted to the trial court on cross-motions for summary judgment. ORCP 47. Plaintiff's first claim requested a declaration that Farmers Insurance Company of Oregon (defendant) is obligated to pay her benefits as an insured under the uninsured motorist provisions of an automobile policy issued to her mother. Plaintiff's second claim seeks damages from defendant's agent, Done, for breach of contract. The trial court granted defendant's and Done's motion as to both claims and denied plaintiff's. Plaintiff assigns error only to the trial court's disposition of the first claim.[1] We reverse and remand.

On July 24, 1985, plaintiff was involved in an automobile accident while she was a passenger in an automobile driven by Hubbard. She alleges that she sustained injuries in the accident for which she is entitled to recover more than $100,000 in damages. The parties stipulated that Hubbard is liable for plaintiff's injuries and that the limit of his coverage is $100,000. At the time of the accident plaintiff's mother had a vehicle liability policy issued by defendant, which included an endorsement amending the definition of uninsured motorist. Plaintiff contends, and defendant disputes, that, under the endorsement, she is entitled to recover up to $50,000 of the amount that her damages exceed Hubbard's coverage.

The trial court held, and the parties agree, that there are no material facts in dispute. The parties framed the issue in the case as a question of law involving whether or not the endorsement language is ambiguous. However, at the trial and now on appeal, the parties disagree about what language constitutes the endorsement.

The document in dispute consists of a single sheet of paper. On the front, in large, bold face print, appears: "PLEASE KEEP THIS ENDORSEMENT WITH YOUR POLICY." The document goes on:

"Dear Policyholder:

"The endorsement on the reverse side amends the definition

---

[1] Done was a party only to the second claim for relief and is not properly a party to this appeal. The summary judgment for Done is affirmed.

of an uninsured motor vehicle under the Uninsured Motorists Coverage as explained below.

"If your policy includes Uninsured Motorists Coverage, and you are in an accident where the bodily injury limits carried by the owner or operator of the other vehicle are less than the unpaid bodily injury damages you are legally entitled to, your Uninsured Motorists Coverage will make up the difference, up to its limits.

"If you have any questions concerning this endorsement, please contact your Farmers Agent."

The reverse side, in smaller bold-face print, is captioned: "ENDORSEMENT AMENDING UNINSURED MOTORISTS COVERAGE." The document states, in pertinent parts:

"The definition of 'Uninsured Motor Vehicle' under the Uninsured Motorist Coverage is amended to include a motor vehicle where there is bodily injury liability insurance or an applicable bond at the time of accident, but in amounts less than the limits carried by the insured under Uninsured Motorists Coverage.

**"Limits of Liability**

"The amount of bodily injury coverage provided under the Uninsured Motorists Coverage of this policy shall be reduced by the amount of any other bodily injury coverage available to any party held to be liable for the occurrence."

Plaintiff presents her case as if it is certain that the endorsement consists of the language on both sides of the document. Defendant refers only to the language on the reverse side as the endorsement and considers the front to be only a separate letter. There are evidence and inferences that support both positions. The boldface print on the front ("PLEASE KEEP THIS ENDORSEMENT WITH YOUR POLICY") is the largest print in the entire document. Also, the language on the front purports to be a full explanation of the document and, although it refers to the language on the reverse side, there is nothing to indicate that the language on the reverse side is controlling in case of a conflict. *Cf. Morgan v. State Farm Life Ins. Co.,* 240 Or 113, 400 P2d 223 (1965) (face of instrument stated that it was subject to the terms and conditions printed on the reverse side). The front side, however, is written in a letter format, and the reverse is captioned

"ENDORSEMENT AMENDING UNINSURED MOTORISTS COVERAGE."

What language constitutes the whole endorsement is clearly a disputed question of fact, the resolution of which is material to the outcome of the case. *Seeborg v. General Motors Corporation,* 284 Or 695, 699-700, 588 P2d 1100 (1978). The fact that the parties agree that there are no disputed facts is not dispositive. *McKee v. Gilbert,* 62 Or App 310, 321, 661 P2d 97 (1983); *Hanneman v. Jones,* 45 Or App 1005, 1009, 609 P2d 912 (1980).

In the light of the unresolved factual issue as to what language constitutes the endorsement, the court improperly granted defendant's motion for summary judgment.[2] *McKee v. Gilbert, supra.*

Reversed and remanded as to respondent Farmers Insurance Company of Oregon; otherwise affirmed.

---

[2] We need not separately address the court's denial of plaintiff's motion for summary judgment.