Argued and submitted November 18, 1991, reversed and remanded for entry of declaratory judgment January 8, 1992

Marlyn SCARLETT,
Theresa Overton and Donald Hardwick,
*Appellants,*

*v.*

John A. HOPPER,
Personal Representative of the Estate of
Theresa Hardwick Hopper, Deceased,
*Respondent.*

(89-CV-0344-ST; CA A66727)

823 P2d 435

J. W. Walton, Corvallis, argued the cause and filed the briefs for appellants.

Warren John West, Bend, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs in this declaratory judgment action are the daughters and a grandson of the decedent and are beneficiaries under her will. Defendant was the decedent's husband and is the personal representative of her estate. The controversy is over the meaning of the decedent's and defendant's "joint, mutual and reciprocal will." Article three of the will makes certain specific bequests, and then provides:

> "All the rest, residue and remainder of my estate of any kind and of any nature whatsoever I give, devise and bequeath to my beloved husband, JOHN A. HOPPER."

Article five of the will provides for the disposition of various property that the decedent and defendant owned individually before their marriage. The part of that article that is involved here reads:

> "Upon the death of the survivor of us, it is our intent that the property which each of us owned at the time of our marriage shall be given to our respective families as follows:

> "A. THERESA'S console piano shall be given to her daughter, MARLYN SCARLETT.

> "B. THERESA'S house at 1314 NE 8th Street, Bend, Oregon, shall be sold and the net proceeds of such sale, together with the proceeds of the sale of any other articles of property which originally belonged to THERESA HARDWICK HOPPER, shall be distributed one-third to her daughter THERESA OVERTON; one-third to her daughter MARLYN SCARLETT; and one-third to her grandson, DONALD JOHN."

Plaintiffs argue that article five gives defendant only a life estate in that property and that plaintiffs are the remaindermen. Defendant contends that, reading the residuary clause and article five together, he is entitled to a fee interest in the property and that plaintiffs are entitled to an interest in it only if it remains in defendant's possession at the time of his death. The trial court indicated that, if the will were read strictly according to its terms, plaintiffs might be correct. However, the court received the testimony of the attorney who drafted the will that he had inadvertently omitted the words "if not previously sold" that the testators had intended to be included in article five as a condition to the

disposition of the property in question.[1] The court construed the will as if the omitted words had been included and held that defendant was entitled to a fee interest and that any interest of plaintiffs was contingent on the property not having been sold before defendant's death.

Plaintiffs appeal. They contend that the trial court essentially reformed the will and that its doing so was error. We agree. The Supreme Court said in *McDermid v. Bourhill*, 101 Or 305, 312, 199 P 610 (1921), *overruled on other grounds U.S. National Bank v. Daniels*, 180 Or 356, 362, 177 P2d 246 (1947), that a will cannot be reformed after the testator's death. *See also Annot.* 90 ALR2d 924 (1963). However, defendant and the trial court relied on *LaGrand v. LaGrand*, 47 Or App 81, 613 P2d 1091, *rev den* 290 Or 211 (1980), for the proposition that a "scrivener's error" in a will may be judicially corrected. The case does not state that proposition. We said:

> "Scrivener's errors have sometimes been corrected by the courts, *see* Annot., 90 ALR2d 924 (1963 & Supp 1979), but a scrivener's error is not what we have here." 47 Or App at 86-87.

We did not indicate whether we would have corrected a scrivener's error had there been one, and the precise question appears not to have been answered in Oregon. However, the overriding principle in the construction of wills, reiterated in *LaGrand*, is that an unambiguous "will speaks for itself and resort to extrinsic evidence may not be had to ascertain a testator's intent." 47 Or App at 84. In *Hartman v. Pendleton*, 96 Or 503, 186 P 572, 190 P 339 (1920), the court stated that principle in the context of a dispute over the description of a beneficiary in a will:

> "Where the language employed in the will is clear, and of well-defined force and meaning, extrinsic evidence of what was intended in fact cannot be adduced to explain, qualify, enlarge or contradict this language, but the will must stand as written." 96 Or at 507.

Although there is some authority that that principle applies to the *testator's* intent, and not to a *drafter's* mistake,

---

[1] Those words were included in article five in connection with the disposition of certain other property.

*see* 80 Am Jur 2d 403, Wills, § 1301 (1975), section 1160 of the same text says that "[i]n no case may words be transposed, supplied, substituted, or omitted where the meaning of the testator is plain and unambiguous, and any alteration in the language originally employed by him would create a meaning different from that which it naturally had when the will was written."

 Without deciding other questions about the authority of the courts to correct "scrivener's errors," we conclude that that may not be done when the effect would be to change the beneficiaries that a will unambiguously defines. That is the situation here.[2] Although defendant protests otherwise, the necessary premise of his argument is that the will is ambiguous, or that article five, if read literally, is inconsistent with the residuary clause that, by his understanding, appears to give outright what article five gives conditionally. We find nothing ambiguous or inconsistent in the provisions. Their clear meaning, when read together, is that the property goes to defendant for his life, subject to the ultimate remainder rights that the will gives plaintiffs.[3]

The parties make a number of arguments in addition to those that we have addressed, but which require no discussion.

Reversed and remanded for entry of declaratory judgment not inconsistent with this opinion.

---

[2] Our conclusion makes it unnecessary to address separately plaintiffs' assignment that it was error to admit the attorney's testimony.

[3] On appeal, plaintiffs have also advanced a "contract theory" that, arguably, might result in relief somewhat different than the remainder interest that they have under our interpretation of the will. The alternative theory was not raised below, and we will not consider it.