Argued and submitted September 20, 2018, affirmed November 14, 2019

In the Matter of the Estate of
Leatha Elizabeth Todd, Deceased.

Sandra GARCIA
and Debra Rhymes,
*Appellants,*

*v.*

Sheila Rose CLARK,
*Respondent.*

Josephine County Circuit Court
17PB04071; A165888

455 P3d 560

The personal representative of testator's estate petitioned the probate court for instructions on whether the children entitled to inherit the testator's estate included testator's stepchildren. The stepchildren argue that the term "my children" in the will is ambiguous because it is capable of more than one reasonable construction. The probate court concluded that the will unambiguously excluded the stepchildren from the definition of "my children." *Held*: The probate court did not err. Testator's will unambiguously excluded the stepchildren, because the will identified testator's children by name, referred to the stepchildren as testator's husband's children from a previous marriage, and stated that testator had no children from her marriage to the stepchildren's father.

Affirmed.

En Banc

Pat Wolke, Judge.

Brendan T. Davis argued the cause for appellants. Also on the brief was Brendan Davis Attorney at Law LLC.

No appearance for respondent Sheila Rose Clark.

Before Egan, Chief Judge, and Armstrong, Ortega, DeVore, Lagesen, Tookey, DeHoog, Shorr, James, Aoyagi, Powers, and Mooney, Judges, and Hadlock, Judge pro tempore.

ARMSTRONG, J.

Affirmed.

Egan, C. J., dissenting.

**ARMSTRONG, J.**

Leatha Todd died testate in April 2017, leaving her estate to her children. The personal representative of her estate, Sheila Clark, petitioned the probate court for instructions on whether the children entitled to inherit the testator's estate included the testator's stepchildren, Sandra Garcia and Debra Rhymes. The probate court concluded that the testator's will unambiguously provides that the stepchildren are not included among the children who are entitled to inherit the testator's estate, and it entered a limited judgment to that effect. The stepchildren appeal the judgment, arguing that the will is ambiguous about whether they are included among the children entitled to inherit under the will and, hence, that the probate court erred in concluding otherwise. We disagree and affirm.

The facts underlying this case are undisputed. Leatha Todd died testate in April 2017. As relevant, her will provides:

"SECOND:   I am married to KEITH S. TODD and all references in this Will to 'my husband' are to him. I have no children from this marriage.

"I was previously married and have three (3) children now living, whose names and dates of birth are:

"ROCKY LARAY SCOTT, * * *

"SHEILA ROSE CLARK, * * *

"JAMES DARRELL MCGARRAH, * * *

"My husband was previously married and has two (2) children now living whose names and dates of birth are:

"SANDRA [GARCIA], * * *

"DEBRA [RHYMES], * * *

"I have no deceased children who died leaving issue.

"All references in this Will to 'my children' or any similar term shall refer not only to my children named above but also to any child or children hereafter born to or adopted by me.

"* * * * *

"SIXTH:   Further, in the event that my husband, KEITH S. TODD, should predecease me * * *, then I give,

devise and bequeath all the rest, residue and remainder of my Estate \*\*\* to my children. However, in the event that my children should predecease me then to the issue of my said children who shall be living at my death, to share and share alike, by right of representation. In the event that my children should predecease me and have no issue then surviving, then I give one half of my Estate to my then heirs at law and one half of my Estate to my husband's heirs at law."

Because the testator's husband predeceased her, the testator's estate is to pass to her children under section six of her will. In June 2017, the personal representative of the testator's estate filed a petition in the probate court under ORS 114.275 seeking instructions on the construction of the will.[1] Specifically, the personal representative sought instructions on whether the stepchildren are among the testator's children identified in section two of the will as children to whom the estate is to be distributed.

At a hearing on the petition, the attorney for the personal representative did not make an argument on the construction of the will, stating that

"I don't believe my client should argue one way or the other. Her position is to benefit all of the devisees and beneficiaries, so she felt it was her job to submit the issue to the court."

The stepchildren argued, in turn, that the will is ambiguous on whether they are included among the testator's children who are entitled to inherit under the will. They also submitted extrinsic evidence that they contended the court should consider on the testator's intent if the court concluded that the will was ambiguous on that point.[2] The probate court took the matter under advisement and subsequently issued

---

[1] ORS 114.275 provides, as relevant, that

"a personal representative or any interested person may apply to the court for authority, approval or instructions on any matter concerning the administration, settlement or distribution of the estate, and the court, without hearing or upon such hearing as it may prescribe, shall instruct the personal representative or rule on the matter as may be appropriate."

[2] The stepchildren did not argue to the probate court that the extrinsic evidence that they submitted had any bearing on the question whether the will was ambiguous. They argued only that, if the will were ambiguous, the evidence would bear on the intent of the testator, that is, it would bear on the resolution of the ambiguity.

a letter opinion in which it concluded that the will unambiguously provides that the references to "my children" in the will do not apply to the stepchildren. Accordingly, it entered a limited judgment excluding the stepchildren from the distribution of the testator's estate, which the stepchildren appealed.

The stepchildren reprise on appeal their argument that the will is ambiguous on whether the term "my children" in the will encompasses them. They contend that the probate court erred in concluding otherwise, and they ask us to remand the case to the probate court for it to consider extrinsic evidence to determine the testator's intent regarding the distribution of her estate. No one other than the stepchildren has submitted a brief or argument to us on appeal.

In construing a will, the "intention of a testator, as expressed in [the] will, is *** the controlling factor." *Kidder v. Olsen*, 176 Or App 457, 463, 31 P3d 1139 (2001) (citation and internal quotation marks omitted; ellipsis in original); *see also* ORS 112.227 ("The intention of a testator as expressed in the will of the testator controls the legal effect of the dispositions of the testator."). Generally, "a will speaks for itself," and a court may not "resort to extrinsic evidence *** to ascertain a testator's intent." *LaGrand v. LaGrand*, 47 Or App 81, 84, 613 P2d 1091, *rev den*, 290 Or 211 (1980). However, extrinsic evidence may be used "to explain an ambiguity, intrinsic or extrinsic." ORS 41.740; *see, e.g.*, *First Interstate Bank v. Young*, 121 Or App 1, 7, 853 P2d 1324, *rev den*, 318 Or 25 (1993). Whether a term in a legal instrument is ambiguous is a legal question. *See, e.g.*, *Yogman v. Parrott*, 325 Or 358, 361, 937 P2d 1019 (1997).

Stepchildren contend that the meaning of the term "my children" in the will is ambiguous because the term is capable of more than one reasonable construction. *See, e.g.*, *King v. King*, 295 Or App 176, 185, 434 P3d 502 (2018), *rev den*, 364 Or 849 (2019) ("'An ambiguity is presented only when the language of the agreement is reasonably capable of more than one plausible interpretation'" (quoting *Samuel v. King*, 186 Or App 684, 692, 64 P3d 1206, *rev den*, 335 Or 443 (2003)).). Stepchildren principally focus their argument on the last paragraph of section two, which states that

"[a]ll references in this Will to 'my children' or any similar term shall refer not only to my children named above but also to any child or children hereafter born to or adopted by me."

They first argue that, because they are named in the will above that paragraph in section two, "it is reasonable to conclude that they were meant to be included in the definition of 'my children.'" In other words, because the testator can be understood to be the stepchildren's parent as a result of her marriage to their father, the reference to "my children" in that paragraph can be understood to include the stepchildren, who are named in section two of the will above that paragraph. They further argue that the inclusion of references to them in section two suggests that they were intended to be devisees along with the other people identified in that section who are devisees, specifically the testator's children from her first marriage.

The problem with that argument is that the other provisions of section two foreclose an understanding of the term "my children" in the last paragraph of section two as including the stepchildren. As quoted above, section two begins by identifying the stepchildren's father, Keith Todd, as the testator's husband. It then states that the testator has "*no children from this marriage.*" (Emphasis added.) It follows with the statement that the testator "was previously married and [*has*] three (3) children now living" (emphasis added), who are identified by name. It goes on to provide that the testator's "husband was previously married and *has* two (2) children now living" (emphasis added), who also are identified by name. In light of those provisions, particularly the statement that the testator *has no children from her marriage to Keith Todd*, the reference to "my children," that is, to the testator's children, cannot plausibly include the stepchildren, who are identified in the will to be Keith Todd's children (and not the testator's, who are identified and named separately) and who, if they were the testator's children for purposes of the will, would be her children *because of her marriage to Keith Todd*.

The stepchildren make several other arguments in support of their contention that the term "my children"

can be understood to encompass them. They assert that the inclusion of a provision defining "my children" to include the testator's later-born or -adopted children indicates that the testator did not intend to limit the distribution of her estate to her children from her first marriage. The inclusion of that provision implies nothing about whether the testator intended the term "my children" to include the stepchildren.

They also assert that the provision in section six that provides that the testator's estate is to be divided equally between her heirs at law and her husband's heirs at law if her children and their children predecease her supports an inference that the testator intended "my children" to include the stepchildren. They argue, in other words, that the decision to include the testator's husband's heirs as beneficiaries if the testator's children and their children predecease her implies an intention to treat the stepchildren as the testator's children in the will. In light of the provisions of section two that we have earlier discussed, we are not persuaded that the treatment of the husband's heirs in section six makes it plausible that the testator intended the term "my children" to include the stepchildren.

Finally, the stepchildren argue that language in section four of the will can be understood to suggest that the testator and her husband executed reciprocal wills, making it appropriate to consider whether their wills reflected a joint plan on the treatment of their respective children. Although the husband's will is in the record, the stepchildren make no effort to explain how the provisions of the two wills support their argument, so we decline to consider it.

In sum, the term "my children" in the testator's will cannot reasonably be construed to encompass the testator's stepchildren. Hence, the probate court did not err in entering a limited judgment that excluded the stepchildren from the distribution of the testator's estate.

Affirmed.

**EGAN, C. J.,** dissenting.

I disagree with the majority's conclusion that testator's will is unambiguous. While I do agree that the majority's

analysis provides one reasonable interpretation of the term "my children" as used in the will, I disagree with the majority because it fails to consider an equally reasonable interpretation of the will. In my view, the presence of an equally reasonable interpretation in a will is the definition of ambiguousness. *See King v. King*, 295 Or App 176, 185, 434 P3d 502 (2018), *rev den*, 364 Or 849 (2019) (An ambiguity exists when the language of a will is "reasonably capable of more than one plausible interpretation.").

Stepchildren argue, in essence, that while testator uses the term "children" to distinguish between the children from her first marriage and the stepchildren, she does not make any distinction between those two subsets of people in the definition of "my children" in the last full paragraph of section two of the will. In other words, testator's definition of "my children" is so vague that it might have included only the children from her first marriage, or it might very well have been intended to include the stepchildren. This argument is substantiated with language in section two of the will.

In section two, testator acknowledges that she was previously married. In order to provide clarity, with regard to the class of people who could possibly claim to be her husband after her passing, she explicitly limits the definition of "my husband" to one, and only one, individual—Keith S. Todd.

In contrast, testator acknowledges that there are a variety of people who could claim to be her children, but is less explicit in identifying that class of people. She identifies and categorizes several narrow groups of people who could make such a claim: her children from her first marriage, her stepchildren, and those children adopted or born to her after the execution of the will. Then, when devising her estate in section six, rather than using one of the narrow categories of people previously identified, she uses a general term—"my children." The last paragraph in section two, which attempts to define that general term, makes clear that the general class of "my children" includes the narrow category of children adopted or born to her after the execution of the will. However, it leaves those who arrived before

the execution of the will (*i.e.*, children from the first marriage and stepchildren) in ambiguous limbo.

Furthermore, the majority fails to acknowledge several other factors that open the will to more than one reasonable interpretation. For example, in the last paragraph of section two, the testator noted that the general class of "my children" also included individuals or classes of people defined with "any similar term." The paragraphs describing both her issue and the issue from her husband's previous marriage did not definitively include or exclude them from the class of "my children," but they did both use the term "children." Because the term "children" is similar to "my children," the will left open the possibility that the stepchildren were also included. In addition, section seven of the will provided that "[i]t is my desire to intentionally omit all others of my heirs, issue and other persons." Stepchildren are mentioned explicitly only once in the will—in section two where they are named.[1] Common sense dictates that a testator would not explicitly name individuals in a will and simultaneously omit those individuals from any devises in the same document, especially when the will included a provision, such as section seven, which unambiguously stated the testator's desire to omit all *unnamed* individuals from any bequest under the will. Thus, while the majority unquestionably provides one reasonable interpretation of the will, it by no means provides the only reasonable interpretation.

For those reasons, I would conclude that testator's use of the term "my children" is ambiguous and reverse the probate court's determination.

Therefore, I respectfully dissent.

Powers and James, JJ., join in the dissent.

---

[1] Likewise, the children from testator's first marriage are not explicitly named in regard to any devises. As a collective, they are only explicitly mentioned once in the will—again, section two where they are named. McGarrah and Clark are referenced one additional time in section eight, which names them as co-executors in the event that Keith Todd did not survive testator.